382 So.2d 943 (1980)
STATE of Louisiana
v.
Huey P. BEAVERS.
No. 66097.
Supreme Court of Louisiana.
April 7, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., for plaintiff-appellee.
Stephen E. Everett, Alexandria, for defendant-appellant.
DENNIS, Justice.[*]
On May 10, 1979, defendant Huey P. Beavers was charged with the crime of operating a motor vehicle while intoxicated, fourth offense, in violation of La.R.S. 14:98(E). He pleaded not guilty and was tried by a jury which delivered a verdict of guilty as charged. Defendant was thereafter sentenced to a term of imprisonment at hard labor for ten years. In this appeal, defendant relies on two assignments of error, arguing that the minimum mandatory sentence of ten years' imprisonment at hard labor for DWI fourth offense is unconstitutionally cruel, excessive or unusual. We hold that a penalty of ten years' imprisonment at hard labor is not cruel, excessive or unusual punishment for an offender who has been found guilty of DWI at least four times within a five year period. The defendant's conviction and sentence are affirmed.
Huey P. Beavers was arrested by officers of the Alexandria Police Department on May 9, 1979 and was charged with driving while intoxicated, fourth offense. According to the arresting officers at the time of the arrest defendant's breath smelled *944 strongly of alcohol; his speech was mumbled and slurred; he almost fell down when he got out of his car; and prior to his arrest, defendant's vehicle was swerving all over the road. From defendant's numerous convictions of DWI, the state used the prior convictions of January 1977, April 1977, and March 1978 as the three previous convictions required by La.R.S. 14:98 for a valid charge of DWI fourth offense. The April 1977 and March 1978 convictions resulted from the prosecution's acceptance of defendant's guilty plea to DWI third offense after he had been charged originally with DWI fourth offense.
The defendant does not attack his conviction of DWI fourth offense, but contends that the mandatory ten-year minimum sentence for this crime is cruel, excessive and unusual punishment. Under both the federal and state constitutions the imposition of punishment which is deemed cruel or unusual is prohibited. U.S.Const. 8th Amend.; La.Const. 1974, Art. 1, § 20. Although there is no specific prohibition against excessive punishment in the federal constitution, in determining what is cruel and unusual punishment under the Eighth Amendment, excessiveness is a proper consideration. See, e. g., Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2681, 53 L.Ed.2d 982 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). Excessive punishment under the Eighth Amendment's prohibition against cruel and unusual punishment is punishment that is grossly out of proportion to the severity of the crime. Coker v. Georgia, supra; Gregg v. Georgia, supra; Weems v. United States, supra.
The Louisiana constitution specifically prohibits "cruel, excessive or unusual punishment." La.Const. 1974, Art. 1, § 20. In State v. Terrebonne, 364 So.2d 1290 (La. 1978) and State ex rel. Mallery v. Blackburn, 364 So.2d 1283 (La.1978), in holding a mandatory minimum sentence of life imprisonment for distribution of heroin was not cruel, excessive or unusual punishment, we considered the punishment and the crime in light of the harm to society caused by its commission and determined that the penalty was not so disproportionate to the crime committed as to shock the sense of justice.
It is evident that the legislature's purpose in providing for a ten-year minimum sentence for DWI fourth offenders was to protect the public from the high potential of danger caused by the habitual drunken driver. The punishment is admittedly severe, yet we believe that it reasonably corresponds to the risk that innocent people will be killed or harmed by drivers convicted of driving while intoxicated on at least four occasions within a five-year period. The risk of harm to society is so great that the legislature deemed it necessary to increase the severity of the punishment substantially for each subsequent conviction.
It must be emphasized that the statutory scheme does not impose the mandatory ten-year minimum sentence on all those convicted of driving while intoxicated.[**] This sentence is reserved for those who have been convicted at least three times previously of driving while intoxicated; all four convictions must have occurred within a five-year period. The fact that a person has at least three previous convictions is certainly an aggravating circumstance militating in favor of a severe penalty.
In light of the high potential for harm to the innocent public and the statutory requirement that before the minimum penalty of ten years imprisonment can be imposed, the offender must have been convicted of DWI at least four times within a five year period, we do not believe that the sentence is unconstitutionally cruel, excessive, or unusual. The penalty imposed is not so grossly disproportionate to the severity of the crime involved to shock our sense of justice.
*945 We hold that the ten year minimum sentence mandated by La.R.S. 14:98 for DWI, fourth offense, is not unconstitutional. Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] The Honorable Edward A. de la Houssaye, III participated in this decision as an Associate Justice pro tempore.
[**] Moreover, La.R.S. 14:98 does not deprive the defendant of the possibility of parole. La.R.S. 15:574.4.