384 So.2d 355 (1980)
STATE of Louisiana
v.
Joseph V. BONANNO.
No. 66232.
Supreme Court of Louisiana.
May 19, 1980.
Rehearing Denied June 23, 1980.
*356 Henry C. Walker, Shreveport, Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Patrick G. Quinlan, Asst. Atty. Gen., for plaintiff-appellee.
CALOGERO, Justice.[*]
Defendant Joseph Bonanno was convicted of distribution of cocaine in violation of R.S. 40:967B(1) in May, 1978 and was sentenced to twenty-one years imprisonment. Defendant appealed, contending among other things that the trial court failed to adhere to the sentencing guidelines of C.Cr.P. art. 894.1 and that the sentence was excessive. This Court found that the trial court had not adhered to the requirements of C.Cr.P. art. 894.1, vacated the sentence and remanded the case to the trial court for resentencing. The Court reserved judgment pending resentencing in compliance with C.Cr.P. art. 894.1 on defendant's claim that the penalty was excessive.
On September 24, 1978, defendant appeared for resentencing and was again sentenced to twenty-one years imprisonment. On this appeal of his sentence, defendant relies on five assignments of error. The first three assignments present defendant's contention that C.Cr.P. art. 894.1 has still not been complied with, and the other two assignments present defendant's contention that his sentence was excessive and that he was denied equal protection of the law. Upon our review of the sentencing transcript, we are now satisfied that the requirements of C.Cr.P. art. 894.1 were satisfactorily complied with and therefore will not further discuss defendant's first three assignments, but rather will turn our attention to the other two.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error defendant argues that the twenty-one year sentence imposed violates Article I, Section 20 of the 1974 Louisiana Constitution because it is excessive.
Article I, Section 20 of our Constitution provides in pertinent part: "No law shall subject any person ... to cruel, excessive, or unusual punishment." In State v. Sepulvado, 367 So.2d 762, (La.1979), we held that a sentence may violate a defendant's constitutional right against excessive punishment even though that sentence is within the statutory limit, and that this Court could review a defendant's sentence *357 for excessiveness on appeal. In general we have held that a sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goode, 380 So.2d 1361, (La.1980). More specifically we have held that the statutory guidelines provided by Article 894.1 of the Code of Criminal Procedure furnish criteria by which this Court can measure whether a sentence within the statutory limits is nevertheless excessive. State v. Cox, 369 So.2d 118 (La.1979), and State v. Ortego, 382 So.2d 921 (La.1980).
In compliance with C.Cr.P. art. 894.1 the trial judge discussed all the factors that were considered in arriving at defendant's sentence. While conceding that defendant had no history of prior delinquency or criminal activity and had not threatened serious bodily harm to anyone by his actions, the trial judge still felt that giving defendant a lesser sentence would deprecate the seriousness of the defendant's crime because of the magnitude of defendant's planned distribution operation.
Defendant argues on appeal that there was no factual basis for a finding that he was a major dealer or that any of the statements he made to police agents were true. We find this argument to be without substance. Testimony in the record evidences that the intended effect of this operation, as expressed by Bonanno himself, was to open a large new cocaine market in the Shreveport area. One narcotics agent testified at trial that negotiations for the cocaine were opened by another officer's demand to field test a sample of the cocaine. According to the agent, Bonanno responded with assurances that the drug was eighty percent pure, from "one of the two families in the Florida region which were responsible for ninety-five percent of the cocaine that is smuggled into the United States." Bonanno then launched into an account of his plans for the operation: that he normally dealt in kilograms of cocaine, at $42,000.00 per kilo; that "he wanted to establish a new outlet for the produce in Shreveport if we would be interested in continuing business with him later;" that he delivered cocaine to a variety of cities throughout the United States; and that he could supply the agents cocaine on a regular basis but preferred to meet in Northern Florida "to cut down on his expenses." Defendant's claims of such a large operation draw strong support from the size of the transaction involved hereinone pound of cocaine valued at about $22,000.00 wholesale. Other evidence introduced at trial also showed defendant to be the one who actually found the person necessary to invest the money, purchased the cocaine for resale, and did most of the talking to the Drug Enforcement Administration agent involved. Furthermore, there was some evidence that defendant enticed another person to become involved in this drug transaction.
On the basis of the above evidence and testimony, we conclude that the trial court's finding that defendant intended to develop a Shreveport based operation was adequately supported by the evidence. Considering the size of the instant transaction and the defendant's evident intent to open a new cocaine market, it is difficult to say that the twenty-one year sentence for distribution of cocaine represented a "manifest abuse of discretion" by the trial court. State v. Spencer and Johnson, 374 So.2d 1195 (La.1979). We therefore conclude that this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
By this assignment, defendant contends that Louisiana's penalty for distribution of cocaine is excessive per se for the reason that said penalty derives from the incorrect classification of cocaine as a narcotic (with a penalty range of 5-30 years) rather than as a non-narcotic (with a penalty range of 0-10 years) and further contends that this misclassification of cocaine as a narcotic, with the higher penalty, deprives the defendant of equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the 1974 Louisiana Constitution.
*358 Adopting the format of the Uniform Controlled Substances Act, Louisiana's Law classifies dangerous substances according to five schedules, listed in descending order of toxicity and abuse potential. See R.S. 40:961-964. Cocaine is classified as a Schedule II substance for regulatory purposes. Those controlled substances listed under Schedule II are grouped together under R.S. 40:967 for penalty purposes, the only distinction in penalty being based on the additional classification of the substance as a narcotic or a non-narcotic. The statutory definition of a narcotic drug is contained in R.S. 40:961, which provides in pertinent part as follows:
"(23) `Narcotic drug' means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
(a) Opium, coca leaves, and opiates;
(b) A compound, manufacture, salt, derivatives, or preparation of opium, coca leaves, or opiates;
(c) A substance and any compound, manufacturer, salt, derivative, or preparation thereof which is chemically identical with any of the substances referred to in Subparagraphs (a) and (b) of this Paragraph, except that the words `narcotic drug' as used in this Part shall not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine."
Cocaine falls within this statutory "narcotic drug" classification since it is produced from coca leaves. Inclusion within the "narcotic" classification subjects a person upon conviction to a maximum penalty of thirty years and a minimum penalty of five years. By contrast, those Schedule II drugs which are not defined as narcotic carry a maximum penalty of ten years and no minimum penalty.
Defendant contends that the classification of cocaine as a narcotic substance is erroneous, having resulted from misinformation. Defendant contends that under pharmacological classifications, cocaine is classified as a stimulant, the antithesis of a narcotic, which is a depressant. Therefore, defendant contends, the higher penalty for cocaine distribution is excessive per se.
As stated previously, to determine whether a certain penalty is excessive we must determine whether that penalty is grossly disproportionate to the severity of the crime. State v. Goode, supra. To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980).
The Legislature has determined that distribution of cocaine presents a high potential of danger to society. We are not here to determine whether the Legislature acted wisely in that respect or not, only whether it acted constitutionally. We can not say that a penalty range from five to thirty years for distribution of cocaine is so disproportionate to the crime as to shock our sense of justice. Therefore, we do not find the penalty range of the statute to be unconstitutionally excessive per se.
Defendant further contends that he has been denied equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the 1974 Constitution. He bases this contention upon the claim that cocaine has been arbitrarily and irrationally classified as a narcotic drug for penalty purposes, thereby exposing him to a harsher maximum penalty than that prescribed for medically comparable drugs listed in Schedule II. Defendant makes a persuasive uncontradicted showing in this record (which we assume correct for present purposes) that cocaine is not, in the pharmacological sense, a narcotic drug. Yet the penalty classification is not so devoid of rationality as to warrant our finding the statute unconstitutional.
*359 Defendant contends that since cocaine is not a narcotic in the pharmacological sense, it should have been classified by the Legislature along with substances exhibiting like characteristics as a non-narcotic drug for penalty purposes. The Legislature's not choosing to so classify cocaine as a non-narcotic is alleged to be the result of misinformation and outdated drug mythology. Since the Legislature acted upon insufficient or erroneous information, defendant claims that there exists no actual rational basis underlying the present penalty classification and therefore the harsher penalty for cocaine, as compared with similar drugs which have lesser penalties, violates defendant's guaranties of equal protection.
It is well settled that the Legislature is afforded wide latitude in making statutory classifications affecting the public health, safety and welfare. It is equally well settled that these statutes will be upheld upon a showing of some rational relationship to a legitimate legislative purpose. Williamson v. Lee Optical, Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); United States v. Castro, 401 F.Supp. 120 (1975); and State v. Bell, 377 So.2d 303 (La.1979). Therefore, in the present case, we must determine whether the harsher penalty provision for distribution of cocaine is rationally related to some legitimate state purpose.[1]
The study of the effects of cocaine on individuals are far from settled. Cocaine is however known to be extremely euphorogenic, and its use appears to be on the increase in the United States. There is also conflict among authorities as to the drug's potential for physical as well as psychological addiction. The drug is quite expensive, easy to conceal because of its powdery nature and more difficult for our law enforcement officers to control. In view of the above, and the fact that it is the attacking party's burden to clearly establish that there is no rational basis for the classification, we cannot conclude that defendant has met that burden and that there is no rational reason for the Legislature to provide a higher penalty for cocaine distribution than for distribution of other non-narcotic drugs. We, therefore, conclude that the statute is constitutional and does not violate defendant's equal protection guaranties.
In view of the foregoing, we find that C.Cr.P. art. 894.1 has been complied with, that defendant's imposed sentence is not excessive, that the penalty range provided by the Legislature for distribution of cocaine is not excessive per se, and that the imposition of a harsher penalty for cocaine distribution than for distribution of other non-narcotic drugs does not violate the Equal Protection Clause of the Louisiana Constitution or the United States Constitution.

Decree
Accordingly, defendant's sentence which is the subject of this appeal is affirmed.
AFFIRMED.
NOTES
[*] Honorable RICHARD H. GAUTHIER participated in this decision as an Associate Justice Pro Tempore.
[1] Defendant contends that under Article I, Section 20 of the 1974 Louisiana Constitution he has the right to be free from excessive punishment. He further argues that this right is of a fundamental nature and that we should therefore apply a strict scrutiny analysis to the issue presented, the appropriate test when a fundamental area of protection has been invaded, rather than the minimum rationality test. Since we have already concluded that neither the sentence actually imposed on the defendant nor the Legislatively provided penalty range is unconstitutionally excessive, we find this argument of defendant's to be unpersuasive. Defendant's asserted fundamental right has not been invaded.