428 So.2d 1215 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
D.C. MORGAN, Defendant-Appellant.
No. CR82-477.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Writ Denied May 13, 1983.
Jack Rogers, Rogers, St. Romain & Crochet, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
The appellant, D.C. Morgan, was indicted and charged with second degree murder. He pleaded guilty to manslaughter, a violation of LSA-R.S. 14:31. The trial judge *1216 imposed a sentence of twelve years at hard labor. The defendant appeals, asserting that (1) the sentence imposed is unconstitutionally excessive; and (2) the trial judge failed to adequately state the reasons for imposing sentence as required by LSA-C. Cr.P. Art. 894.1.

FACTS
On February 18,1981, defendant shot and killed Aaron Cole, allegedly, because of a dispute over a woman. Believing that Cole was carrying a gun, the defendant maintained that he shot the victim in self-defense. He claims that it was only his intent to scare Cole. After the shooting, the victim was taken to the hospital by the defendant, who waited there for the police to arrive.

ASSIGNMENT OF ERROR NO. 1
In defendant's first assignment of error, he asserts that the sentence of twelve years at hard labor is excessive and violative of Art. 1, § 20 of the Louisiana Constitution of 1974. A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider "the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The penalty for manslaughter is imprisonment at hard labor for up to twenty-one (21) years. Defendant's sentence of twelve years is well within the statutory limits. However, length of sentence alone is not the sole indicia of excessive sentence. State v. Sepulvado, 367 So.2d 762 (La.1979). A prison term well within the statutory limits may be excessive if a less onerous sentencing alternative should have been imposed. Id. Defendant's claim of excessive sentence appears to be based on the argument that defendant's prior criminal record is not indicative of a hardened criminal and on defendant's alleged subjective belief that his actions were in self-defense.
A pre-sentence investigation report was ordered and available to the trial judge before defendant was sentenced. It revealed that defendant has two prior convictions within the last several years: theft, for which defendant completed two years of probation, and DWI, plus failure to maintain control, for which defendant received a $400.00 fine plus costs or in default thereof, five days in jail. However, before this conviction, defendant was not a felony offender.
In State v. Davenport, 399 So.2d 201 (La. 1981), the defendant was convicted of attempted manslaughter and received a total sentence of seven and one-half years. The court stated:
"... we are convinced that under the circumstances of this case the trial judge did not abuse the wide discretion accorded him in sentencing. The maximum sentence which could have been imposed was 21 years (10 ½ years on each count to be served consecutively). One of the victims was harmed for life and the other was seriously wounded. A total of 7 ½ years of hard labor for these two unprovoked shootings is certainly reasonable and appropriate."

In the case at bar, the victim was fatally injured during a dispute between the two men over a woman. Considering the maximum sentence possible is 21 years, the defendant's twelve year sentence is neither disproportionate to the crime committed nor shocking to our sense of justice. Therefore, it cannot be said that the trial court abused its discretion in sentencing this defendant.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant contends that the trial judge failed to adequately state the reasons for *1217 imposing sentence as required by LSA-C. Cr.P. Art. 894.1. The trial court must articulate specific reasons for an apparently severe sentence in relation to the particular offender and the actual offense. State v. Sepulvado, supra. Although the trial court need not articulate every aggravating and mitigating circumstance presented in Art. 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. State v. McDermitt, 406 So.2d 195 (La. 1981); State v. Hogan, 403 So.2d 1210 (La. 1981). However, a trial judge's failure to articulate every factor listed in Art. 894.1 will not necessitate a remand for resentencing when there is an adequate factual basis for the sentence in the record. State v. Lanclos, 419 So.2d 475 (La.1982).
Even though the trial judge, in this case, did not specifically discuss the underlying facts in support of his findings under Art. 894.1(A), he did state his finding that the defendant contemplated and intended the serious consequences of his acts, and that due to the vicious nature of the offense committed, which demonstrated defendant's mental attitude, there was an undue risk that defendant would commit another crime. Continuing, the trial judge stated that the factors under Art. 894.1(B), which would allow suspension of sentence or probation, were relevant, but not present in this case. (TR. 3) While this articulation was not detailed, it adequately provides a basis for review and constitutes compliance with Art. 894.1. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Donahue, 408 So.2d 1262 (La.1982).
For the above and foregoing reasons, the conviction and sentence imposed by the trial court is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns written reasons.
DOMENGEAUX, Judge, concurring.
I agree with the majority opinion which concludes that defendant's sentence is not excessive. My views on appellate review of sentences are contained in a concurring opinion which I filed in the case of State of Louisiana v. Ricky Wayne Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983).