NORRIS, Judge.
Defendant, John W. Kellogg, appeals as excessive a consecutive sentence of seven years at hard labor after a plea of guilty to simple robbery in violation of La.R.S. 14:65. Finding no merit to defendant’s claim, we affirm.
Defendant was originally charged with armed robbery in violation of La.R.S. 14:64. Pursuant to a plea arrangement involving the defendant, the district attorney’s office and the trial judge, the district attorney agreed to accept a plea to the lesser included offense of simple robbery and to refrain from filing a habitual offender bill in return for the defendant’s plea of guilty to the reduced charge. Prior to taking the plea, the trial judge agreed to impose the maximum sentence of seven years and to run that sentence consecutively with another term of seven years imposed in Bossier Parish for another robbery. It is clear from the plea colloquy that the defendant understood this agreement and was willing to be bound by it at the time he entered this plea.[1]
*293 During the taking of the plea, the district attorney related the following factual basis for the plea which the defendant agreed was true. On February 12, 1983, the defendant entered the Delta Service Station located on Mansfield Road in Shreveport where he told the attendant to give him all of his money or he would kill him. He made this statement after placing his hand under his jacket and telling the attendant that he had a gun. The attendant surrendered between $100 and $150 in cash.
The trial judge found the plea to be freely and voluntarily given and the defendant waived the three day delay asking that he be sentenced immediately. Prior to the imposition of the agreed upon sentence, the defendant thanked the trial judge, the district attorney and his attorney for allowing him to enter this plea.[2] Thereafter, the trial judge stated that he was familiar with the defendant’s prior substantial criminal record. While not going into detail regarding his reasons for this sentence, the judge did state that the defendant was originally charged with armed robbery, that he had reviewed the defendant’s prior criminal record and that this was a three way plea arrangement among the defendant, the state and the court as to the sentence the defendant would receive with the defendant specifically agreeing in advance to the sentence.
In spite of this plea agreement, the defendant subsequently sent a motion in the form of a letter stating that he had made no agreement and wished to appeal. The appeal was granted, counsel was appointed to represent the defendant on appeal,[3] and the only issue presented for our review is excessiveness of sentence.
Defendant does not ask that this plea arrangement be vacated and set aside but limits himself to the argument that the sentence is excessive in that it is truly a maximum sentence because the facts giving rise to this charge will not support a conviction of armed robbery.[4] It is further argued that this maximum sentence is excessive because this defendant is not the worst offender and the offense is not serious enough to require the maximum sentence for simple robbery which was actually imposed.
Although the defendant does not complain that the trial judge did not adequately comply with La.C.Cr.P. Art. 894.1 in imposing this sentence, it is obvious from our review of the record that this article was not adequately complied with because the trial judge was relying on the plea arrangement which the defendant had agreed to.
*294 Article I, § 20 of the Louisiana Constitution of 1974 protects a defendant against the imposition of excessive punishment. A sentence constitutes excessive punishment if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). To prevent the possible imposition of excessive punishment and to guide the trial court in its sentencing tasks the legislature enacted La.C.Cr.P. Art. 894.1, which sets forth factors which justify a sentence of imprisonment and other factors which tend to indicate suspension of sentence or probation as appropriate. Included within this article is the provision that the trial judge state for the record the factors he took into consideration and the factual basis therefor in imposing sentence. However, the trial court’s failure to comply with this article will not, in and of itself, render a sentence invalid. The sentence will be upheld if the record clearly illumes the sentencing choice and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La.1983). This principle applies to cases involving sentences imposed after trial [State v. Smith, supra] and after a guilty plea [State v. Edwards, 434 So.2d 395 (La.1983)].
While it has been held that the review of possible constitutional error in regard to excessive sentences is not absolutely precluded by a defendant’s agreement to plead guilty or to receive a particular sentence [State v. Jett, 419 So.2d 844 (La.1982)], it has also been held in several recent cases that a defendant who accepts a sentence under a plea bargain may not later assert that the sentence is excessive or that the trial judge failed to adequately comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1 in imposing sentence. State v. Edwards, supra and the cases cited therein. Notwithstanding this line of jurisprudence, which precludes review of sentences imposed in such cases, there are other cases which have reviewed and affirmed such sentences on the basis that the record “clearly illumes” the sentence imposed in accordance with the plea bargain. Compare State v. Edwards, supra.
While we are not disposed to hold in this case that a defendant is always absolutely precluded from sentence review when he agrees to plead guilty in return for a particularly designated sentence, we are prepared to hold in this case that based on this record, this particular defendant cannot complain on appeal that this sentence is excessive. There is no question but that this plea was knowingly and intelligently entered; it was entered with the defendant’s full understanding of its complete ramifications and his complete ae-quiesence. Furthermore, defendant, notwithstanding his argument on appeal to the contrary, received a substantial benefit from the plea bargain. Not only was his maximum sentencing exposure reduced from 99 years without benefit of probation, parole or suspension of sentence to seven years on the reduction of the armed robbery to simple robbery but also he received a substantial additm-' reduction in exposure from the state’s agreeing to not file a multiple offender bill. The trial judge recognized and the record reveals that the defendant’s past criminal record is lengthy. It not only includes this offense and another robbery offense for which the defendant was incarcerated at the time of sentencing but also includes other criminal activity including convictions for assault, burglary, a stolen vehicle, escape, weapon offenses and DWI. As well as we can tell from our review of the record, this defendant is at least a second felony offender.
Furthermore, defendant has pointed to no factors and the record reveals no factors which would warrant a remand in this case for resentencing. Compare State v. Walters, 440 So.2d 115 (La.1983).
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. The defendant’s understanding is expressed below:
THE COURT: All right, sir. Mr. Kellogg, have you discussed with your attorney the plea bargain which has been reached with the State and the Court with regard to the plea in this case?
MR. KELLOGG: Yes, sir.
THE COURT: Do you understand that I have advised your attorney that I would give you seven years at hard labor on this plea?
MR. KELLOGG: Yes, sir.
THE COURT: To run consecutive with any other sentence that you are not—
MR. KELLOGG: I understand, Your Honor.
THE COURT: You understand that. My information Mr. Kellogg is that you have been *293 sentenced to a hard labor sentence in Bossier Parish as a result of another robbery over there.
MR. KELLOGG: Yes, sir, seven years over there, Your Honor.
THE COURT: All right, sir. Do you understand that this would be seven years at hard labor consecutive with that?
MR. KELLOGG: I understand that, Your Honor.
[[Image here]]

. Specifically, the defendant stated:
MR. KELLOGG: Your Honor, I would just like to thank the Court for being as lenient on me at this time and I just hope and pray that I will learn a lesson from this and like I say, I want to thank the DA and thank you and thank my attorney for — for like I said, for dropping this charge down to simple robbery.

. Defendant's appellate counsel is the same counsel who represented him in connection with the plea bargain.

.In support of this argument defendant cites State v. Elam, 312 So.2d 318 (La.1975) for the proposition that "hand in a pocket” is not a dangerous weapon. While the court in Elam did state that a "hand in a pocket” is not per se a dangerous weapon, this court upheld the conviction for armed robbery where the defendant there kept one hand in his jacket pocket at all times during the course of the robbery, motioned with his hand in his pocket in a way which indicated he had a weapon, and told the victim "don’t make me shoot you” and “I’m going to shoot you, boy”. The court in affirming the conviction in Elam stated:
... The mere facts that no weapon was actually seen by the victim or any other witness and that no gun was recovered by the law enforcement officers who arrested the defendants ... does not preclude the defendants’ convictions for armed robbery, considering the victim’s testimony relating Wiggins’ actions and his threats.
We feel defendant’s reliance on Elam is misplaced considering his threats and actions.