471 So.2d 1176 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
John Howard TEDDER, Defendant-Appellant.
No. CR84-855.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1177 William D. Dyess, Many, for defendant-appellant.
James L. Davis, Dist. Atty., Many, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This 18 year old defendant, John Howard Tedder, pleaded guilty to a simple burglary charge, then two other charges of simple burglary were dismissed, in a plea bargain, and he was sentenced to three years at hard labor in the Department of Corrections. From this sentence he appeals, alleging as error that the trial judge failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1, and that the sentence was excessive. We have carefully considered defendant's complaints, we find no merit to them, and we affirm the sentence.
The three burglaries that defendant was charged with occurred in Many, Louisiana, over a period of a few months. The charge to which he entered the guilty plea was the burglary of Bill's Mini-Mart store in November 1983, where over $300 in cash was taken. The two other simple burglary counts that were dismissed occurred in August and December of that year.
The guilty plea was entered on April 27, 1984, and the trial court ordered a presentence investigation. Sentencing occurred on June 19, 1984, after the presentence investigation report was received. In the meantime, on May 26, defendant was arrested once more for another simple burglary, but that charge was dropped. The presentence report indicated that, in addition to the criminal activity occurring after defendant became an adult, he had a juvenile record of delinquency and probation.
Simple burglary, LSA-R.S. 14:62, is punishable by a fine of not more than $2,000, or imprisonment with or without hard labor for not more than 12 years, or both. The sentence imposed in the present case was three years at hard labor, which is, obviously, within the lower range of the sentencing exposure, and it cannot be said to be apparently severe in terms of number of years.
It takes on greater severity when tested in the light of defendant's youth, and the fact that it was his first adult felony offense and a non-violent crime. In such cases, suspension of sentence and probation is usually the first sentencing choice. The trial judge in the present case was aware of that, and considered it carefully. He rejected that option, concluding that his juvenile record and apparent inability to profit from juvenile probation, together with his criminal activity as an adult, made defendant a poor candidate for probation, and a likely recidivist, all of which supported the need for a custodial environment. The sentence took into account the defendant's education (10th grade), his emotional and physical normalcy, and the fact that he had no one dependent on him.
It was proper for the trial court to weigh the defendant's juvenile record as a factor in sentencing. State v. Guajardo, 428 So.2d 468 (La.1983). It was proper for the court to consider the benefits of a reduced penalty exposure that defendant got from the plea bargain. State v. Lanclos, *1178 419 So.2d 475 (La.1982). It was also proper for the court to consider criminal activity not limited to convictions. State v. Brown, 410 So.2d 1043 (La.1982). The judge carefully complied with the guidelines of Article 894.1 and individualized the sentence of three years at hard labor. We find no abuse of discretion.
The decision not to suspend the sentence and put defendant on probation was made after a consideration of Article 894.1 A(1), (2) and (3). The trial court found an undue risk that the defendant would commit another crime, that he needed correctional treatment that could best be provided by imprisonment at hard labor, and that a lesser sentence would deprecate the seriousness of his conduct. This decision was not an abuse of discretion. The sentence is affirmed.
Affirmed.