474 So.2d 1035 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Doris Dianne Belsha FREEMAN, Defendant-Appellant.
No. CR85-17.
Court of Appeal of Louisiana, Third Circuit.
August 28, 1985.
*1036 Steven R. Thomas, Mansfield, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY, FORET and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the trial judge properly followed the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1 and whether or not the sentence is excessive.
Defendant, Doris Belsha Freeman, (hereinafter Freeman) and Cecil Horace Cox (hereinafter Cox) were arrested and charged with Distribution of a Controlled Dangerous Substance, Schedule I: Marijuana in violation of LSA-R.S. 40:966(A)(1). *1037 The Sabine Parish Grand Jury returned a true bill indicting both Freeman and Cox.[1] Freeman pled guilty to the crime as charged and was sentenced to four years at hard labor. Freeman timely appealed her sentence.
On appeal Freeman alleges that in imposing sentence that the trial judge (1) failed to properly apply the guidelines of La.C. Cr.P. Art. 894.1; (2) failed to state for the record the factual basis for the considerations he took into account as required by La.C.Cr.P. Art. 894.1; and (3) imposed an unconstitutionally excessive sentence.
We recall, vacate, and set aside the sentence imposed and remand the case to the trial court for resentencing.

FACTS
On January 5, 1984 an undercover police officer, James D. McComic, went to Cox's residence to purchase marijuana. Cox told McComic that he did not have any marijuana to sell but that he knew that Doris Freeman had some marijuana for sale. Later, Cox escorted McComic to Freeman's residence where Cox then introduced McComic to Freeman and McComic purchased a plastic bag, allegedly containing marijuana, from Freeman for $90.00. A subsequent criminal lab report confirmed that the contents of the bag were marijuana. Cox and Doris Freeman were indicted by the Sabine Parish Grand Jury for Distribution Of A Controlled Dangerous Substance. Freeman pled guilty to the crime for which she was charged of Distribution of A Controlled Dangerous Substance: Schedule I, Marijuana, and was sentenced for this crime to serve four years at hard labor.

ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Freeman's first and second assignments of error present the issue of whether the sentencing judge adequately followed the guidelines set forth in La.C. Cr.P. Art. 894.1. In imposing a sentence which may appear to be severe, the sentencing judge must set out for the record specific reasons for the sentence imposed which are based on particular facts and considerations related to the defendant and his offense. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La.1983). However, the sentencing judge is not required to articulate every factor provided in Art. 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, supra. In cases where the sentence imposed is in the lower range and not apparently excessive, we need not remand the case for strict compliance with La.C.Cr.P. Art. 894.1. State v. Jones, 412 So.2d 105 (La.1981); State v. Rainwater, 448 So.2d 1387 (La. App. 3rd Cir.1984). The purpose of requiring the sentencing judge to articulate the particular facts and considerations that he considered in imposing sentence are two-fold. First, it ensures that the sentence is individualized. State v. Murdock, 416 So.2d 103 (La.1982); State v. Perry, 470 So.2d 426 (La.App. 3rd Cir.1985). Second, it gives the reviewing court an actual indication of whether the sentencing judge adequately considered the guidelines of La.C. Cr.P. Art. 894.1. State v. Forshee, 395 So.2d 742 (La.1981); State v. Perry, supra. This is particularly helpful in determining whether the sentence imposed is excessive.
The trial judge ordered a pre-sentence investigation and report. His written reasons for judgment state that both the trial court and defense counsel reviewed this pre-sentence report. However, this pre-sentence report is not in the record for this court to review.[2]
*1038 In the present case, the sentencing judge filed in the record his written reasons for the sentence imposed. Included in the written reasons is a brief personal history of Freeman. Freeman quit high school at age 16, after having completed the ninth grade, and has no vocational training or job skills. She was last employed, as a minimum wage laborer, in 1980. Freeman is now 29 years old, married and living with her husband, and is the mother of 9 year old twin children and a 2 year old child.
In his written reasons for sentence the trial judge stated that he sentenced Freeman to four years at hard labor because he felt that Freeman's attitude and lifestyle necessitated correction by imprisonment, that imprisonment was necessary to deter Freeman and others from selling marijuana, that Freeman was unrepentant and without remorse, and that failure to impose a prison sentence would deprecate the seriousness of the offense. As our brief summary of the sentencing judge's written reasons indicates, he stated the conclusions he made and which he felt justified the sentence he imposed.
Our review of the record indicates that although the sentencing judge adequately considered the sentencing guidelines of La. C.Cr.P. Art. 894.1 we believe that he failed to give adequate weight to several mitigating factors resulting in what we believe to be an excessive sentence as more fully discussed in Assignment of Error Number 3. For these reasons we find that the sentencing judge adequately complied with the sentencing guidelines of La.C.Cr.P. Art. 894.1 and that Assignments of Error Number 1 and 2 have no merit.

ASSIGNMENT OF ERROR NUMBER 3
Freeman contends that her sentence of four years at hard labor is excessive in violation of Art. I § 20 of the 1974 Louisiana Constitution. The maximum sentence for Distribution of a Controlled Dangerous Substance, Schedule I: marijuana is ten years at hard labor and a $15,000.00 fine. LSA-R.S. 40:966(B)(2). It is well settled that a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. LaGrange, 471 So.2d 1186 (La.App. 3rd Cir.1985). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, supra. In State v. Davis, 449 So.2d 452 (La.1984), the Supreme Court stated:
"La. Const. art. I, § 20 prohibits the imposition by law of excessive punishment. This Court has, therefore, held that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment; that right is enforceable by this Court on appellate review. State v. Smith, 437 So.2d 252 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). See also, State v. Williams, 397 So.2d 1287 (La.1981). A punishment is considered constitutionally excessive if it makes no measureable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, supra; State v. Sims, 410 So.2d 1082 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980)." State v. Davis, 449 So.2d 452, at page 453 (La.1984).
The appellate standard for determining whether a sentence is unconstitutionally excessive has been articulated by this court as follows:
"[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed *1039 as to shock our sense of justice.' Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir. 1983).
In State v. Gist, 369 So.2d 1339 (La. 1979), two consecutive five and ten year sentences for distribution of marijuana by a 22 year old first offender who sold two "lids" to undercover agents in sales six days apart were vacated and the case remanded to the trial court for resentencing after the Court found that the trial judge failed to properly comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1. The Supreme Court concluded that less severe sentences might have been imposed.
In State v. Touchet, 372 So.2d 1184 (La. 1979), a four year sentence imposed on a 19 year old steadily employed first offender for distribution of marijuana was vacated after the trial judge was found to not have adequately complied with the sentencing guidelines.
In State v. Martz, 454 So.2d 278 (La.App. 4th Cir.1984), a five year sentence for distribution of marijuana by a 25 year old first offender who sold two "matchboxes" of marijuana and 16 hand rolled marijuana cigarettes was vacated and set aside when the Court found that the trial judge failed to properly comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1 and that the sentence constituted excessive punishment prohibited by Article I, § 20 of the 1974 Louisiana Constitution.
The facts appearing in the record indicate that the trial judge abused his discretion and imposed a sentence which is so disproportionate to defendant's crime that it shocks our sense of justice. As noted above, the record reflects that Freeman is a 29 year old mother of three young children who has never even been arrested or convicted before. She was charged and pled guilty to selling a small quantity of marijuana on one occasion to an undercover agent who was brought to her home by one of her friends. A sentence of four years at hard labor for a first offender, under the particular circumstances of this defendant, is undeniably harsh.
The record fails to support that such a sentence is merited. A harsh sentence for a first felony offender involved in the possession or sale of a small quantity of contraband may be excessive under certain circumstances. State v. Tilley, supra; State v. McDonald, 414 So.2d 735 (La. 1982); State v. LaGrange, supra; State v. Stroud, 438 So.2d 1172 (La.App. 3rd Cir. 1983). Harsh sentences should be reserved for the more egregious defendants. There is nothing in the record to suggest that Freeman is one of the more egregious defendants.
The record does not reflect that Freeman has any juvenile or misdemeanor arrests or convictions. We find that the sentencing judge did not give adequate consideration to the fact that this was Freeman's first offense and to the other mitigating facts present in sentencing Freeman, a 29 year old married mother of three young children, to four years at hard labor for selling a small amount of marijuana to an undercover police agent. The trial judge did not adequately take into account that Freeman had led a law abiding life for a substantial period of time before commission of this crime. The trial judge did not consider whether sentencing Freeman would entail an excessive hardship to her husband and her three small children. The trial judge did not state the facts on which he concluded that committment to an institution, rather than probation, was necessary. While these facts certainly would not excuse Freeman's conduct they are certainly mitigating facts which should be carefully considered before imposing sentence.
Our assessment of Freeman's sentence in light of the previously stated factors *1040 such as her age, the lack of a prior criminal record, the existence of her marriage, that there were three small children dependent upon her, the small amount of marijuana involved, and a comparison of sentences in other cases leads us to conclude that the imposition of the four year sentence at hard labor in this case is grossly disproportionate to the offense and constitutes excessive punishment.
For the foregoing reasons, defendant's sentence is hereby recalled, vacated, and set aside and this matter is remanded to the district court for resentencing in accordance with the views expressed herein.
SENTENCE RECALLED, VACATED, AND SET ASIDE AND MATTER REMANDED FOR RESENTENCING.
NOTES
[1] Pursuant to a plea bargain, Cecil Horace Cox pled guilty to Criminal Conspiracy to Distribute a Controlled Dangerous Substance, Schedule I: Marijuana and was sentenced to three years at hard labor. The appeal of his sentence is reported at 474 So.2d 1040 (La.App. 3rd Cir.1984).
[2] Act 384 of 1985, effective September 6, 1985, has now amended La.C.Cr.P. Art. 877 to provide that a pre-sentence report shall be made a part of the record if a defendant seeks post-conviction relief on the grounds of excessive sentence.