KING, Judge.
The issues presented by this appeal are whether or not the trial judge properly followed the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1 and whether or not the sentence is excessive.
Defendants, Cecil Horace Cox, (hereinafter Cox) and Doris Belsha Freeman were arrested and charged with Distribution Of A Controlled Dangerous Substance, Schedule I: Marijuana, in violation of LSA-R.S. 40:966(A)(1). The Sabine Parish Grand Jury returned a true bill indicting both defendant and Freeman.[1] Pursuant to a plea bargain, defendant entered a guilty plea to the lesser charge of Criminal Conspiracy To Distribute A Controlled Dangerous Substance, Schedule I: Marijuana. The trial judge ordered a pre-sentence investigation and report and after reviewing this report and holding a sentence hearing, he sentenced Cox to three years at hard labor. Cox timely appeals his sentence asserting that the trial judge (1) failed to properly apply the sentencing guidelines of La.C.Cr.P. Art. 894.1; (2) failed to state for the record the factual basis for the considerations he took into account in imposing the sentence as required by La.C.Cr.P. Art. 894.1; and (3) imposed an unconstitutionally excessive sentence. We affirm.
FACTS
On January 5, 1984 an undercover police officer, James D. McComic, went to Cox’s residence to purchase marijuana. Cox told McComic that he did not have any marijuana to sell but that he knew that Doris Freeman had some marijuana for sale. Later, Cox escorted McComic to Freeman’s residence where Cox then introduced Mccomic to Freeman and McComic purchased a plastic bag, allegedly containing marijuana, from Freeman for $90.00. A subsequent criminal lab report confirmed that the contents of the bag were marijuana. Cox and Doris Freeman were indicted by the Sabine Parish Grand Jury for Distribution Of A Controlled Dangerous Sub *1042 stance. Pursuant to a plea bargain Cox pled guilty to the lesser offense of Criminal Conspiracy To Distribute A Controlled Dangerous Substance and was sentenced for this crime to serve three years at hard labor.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Cox’s first and second assignments of error present the issue of whether the trial judge adequately followed the sentencing guidelines of La.C.Cr.P. Art. 894.1. Under this article the trial judge must set out specific reasons which relate to the particular defendant and his particular offense in cases where the sentence may appear to be severe. State v. Morgan. 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied 433 So.2d 166 (La.1983). However, this does not require the trial judge to articulate every aggravating and mitigating circumstance as set forth in La.C.Cr.P. Art. 894.1 so long as the record reflects' that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Morgan, supra. In cases where the sentence imposed is in the lower range and is not apparently excessive, we need not remand the case for strict compliance with La.C.Cr.P. Art. 894.1. State v. Jones, 412 So.2d 105 (La.1981); State v. Rainwater, 448 So.2d 1387 (La. App. 3rd Cir.1984).
The statutory maximum sentence for conspiracy to distribute a controlled dangerous substance is a $7,500.00 fine and five years at hard labor. LSA-R.S. 40:966(B)(2) and LSA-R.S. 14:26. Therefore the sentence actually imposed on Cox is well in the midrange of the sentencing alternatives.
Our review of the record convinces us that the trial judge adequately followed the sentencing guidelines of Art. 894.1 of the Louisiana Code of Criminal Procedure. The trial judge’s written reasons for the sentence he imposed indicate that he ordered, received and reviewed a pre-sen-tence report on Cox and that a copy of this report was also reviewed by Cox’s attorney. He noted that Cox had been arrested eight times in the last twelve years for misdemeanors such as driving while intoxicated (four arrests), disturbing the peace (two arrests), reckless operation of a motor vehicle and speeding in excess of 100 miles per hour. He further noted that there was no record of the disposition of these charges. The judge further observed that Cox had been arrested for disturbing the peace by using profane language, and aggravated assault but that these charges had been no-billed. It is proper for a court to consider criminal activity not limited to convictions in imposing sentence. State v. Brown, 410 So.2d 1043 (La.1982); State v. Tedder, 471 So.2d 1176 (La.App. 3rd Cir.1985). In addition to these eight arrests, the Court noted that Cox had also pled guilty to a D.W.I. charge in 1981 and reckless operation of a motor vehicle charge in 1984. Despite Cox’s long history of misdemeanor arrests and misdemeanor convictions, the trial judge still gave Cox the benefit of the doubt by concluding from this record that he had no basis for determining that there was an undue risk that Cox might commit another crime.
In sentencing Cox to three years imprisonment at hard labor, the trial judge stated that he considered the fact that this was Cox’s first felony offense but noted that Cox was pleading guilty, pursuant to a plea bargain, to a lesser crime than the one he was originally charged. It is proper for a court to consider the benefits of a reduced penalty exposure that defendant got from a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Tedder, supra. The trial judge noted that illegal drug traffic is of vital concern to the public[2] and that the seriousness of the offense would be deprecated if a lesser sentence were *1043 imposed. The judge also considered Cox’s personal history in imposing Cox’s sentence. The trial judge’s written reasons stated that the 32 year old Cox dropped out of the tenth grade at the age of 17, that he is divorced and presently living without marriage to another woman who is the mother of his three year old son, and that he has considerable work experience, but he was unemployed at the time of sentencing. Finally, the trial judge stated that he had reviewed all of the mitigating factors contained in La. Code of Criminal Procedure Art. 894.1(B) and found that none of them were sufficient to overbalance the compelling factors necessitating a prison sentence. The trial judge stated that he felt Cox was in need of correctional treatment which could be provided most effectively by his commitment to an institution because of his prior record and his conduct in the instant case in which he willingly and intentionally committed a felony. For these reasons we find that Cox’s assignment of errors Numbers 1 and 2 have no merit.
ASSIGNMENT OF ERROR NUMBER 3
Cox contends that his sentence of three years at hard labor is excessive and violative of Article I, § 20 of the 1974 Louisiana Constitution. The maximum sentence provided for Criminal Conspiracy to Distribute a Controlled Dangerous Substance, Schedule I: Marijuana is five years at hard labor with an additional $7,500.00 fine. LSA-R.S. 40:966(B)(2) and LSA-R.S. 14:26.
Our court has recently summarized the proper appellate standard for determining whether a sentence imposed is excessive as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” State v. Morgan, 428 So.2d 1215, at page 1216.
Applying these principles to the facts of this ease, we do not find the penalty so grossly disproportionate to the severity of the offense that .it shocks our sense of justice. For this reason we do not find the. sentence imposed on Cox for this crime constitutionally excessive.
For the foregoing reasons, the sentence imposed by the trial judge is affirmed.
AFFIRMED.

. Doris Freeman pled guilty to the crime as charged and was sentenced to four years at hard labor. Both defendants were charged by the same grand jury indictment and they have both timely appealed their sentence. As the facts and law are not common to each case separate opinions and judgments are rendered for each defendant. The appeal of Doris Freeman’s sentence is reported at 474 So.2d 1035 (La.App. 3rd Cir. 1985).

. In imposing a sentence it is generally inappropriate for a trial judge to strongly consider the fact that the community opposes the sale and use of illegal drugs. State v. Jones, 473 So.2d 66 (La.App. 3rd Cir.1985). However, as long as the sentence is particularized to the defendant, as is the case here, it is not improper for the trial judge to consider larger “sociological concerns” in imposing sentence. State v. Ray, 423 So.2d 1116 (La.1982).