STOKER, Judge.
Clyde R. Kimmel was convicted of manslaughter after a jury trial, and was sentenced to eighteen years at hard labor. He contends that the sentence is excessive in light of mitigating factors, and that the evidence is insufficient for a rational trier of fact to conclude that the State proved the essential elements of the crime.
FACTS
The defendant had apparently been at odds with his relatives for some time. On the evening of February 5, 1985, he drove up to his aunt’s house in Grant Parish and blew his horn until his uncle, Christie Kim-mel, appeared. Shortly thereafter, Christie’s son, Wesley, came out. In a disputed sequence of events, the defendant produced a gun, shot through the windshield of his car and struck Wesley in the eye. The defendant slowly drove away from the scene, and was arrested that night at his home in Pineville. Wesley died several days later from the bullet wound.
The defendant was charged by a grand jury with second degree murder. After trial a jury returned a ten to two verdict of guilty of manslaughter. The trial judge sentenced Kimmel to eighteen years at hard labor.
EXCESSIVE SENTENCE
The defendant alleges that the sentence is excessive in light of provocation by his relatives, and of his first offender status.
The record reveals two different accounts of the shooting. In the defendant’s version, he had gone to his aunt’s house to collect some personal belongings he and his wife had left there. His uncle and cousin began assaulting him, trying to pull him *289 out of the car. The defendant reached for his loaded revolver, which was sitting on the front seat, and fired a warning shot through the windshield. He drove off at a normal speed, unaware that he had hit anyone.
Under the State’s version events began earlier in the day, when the defendant redeemed his revolver from a pawn shop in preparation for the shooting. He drove up to his aunt’s house, positioned his car to facilitate flight, told his relatives “I’ve got something for you,” shot Wesley, then threatened to do the same to Christie.
The testimony supports the judge’s conclusion that the shooting was premeditated. A neighbor overheard the defendant’s threats against Christie. A friend of the defendant stated that Clyde knew he had shot Wesley when he returned from the scene. Only the self-serving testimony of the defendant supports his contention that a scuffle was involved.
The defendant contends that his sentence should not exceed eleven years, the term the State had offered to recommend if he would enter a guilty plea of manslaughter. The defendant evidently refused to agree to the arrangement. He is not entitled to invoke that offer to limit his sentence. The judge would not have been bound to impose that sentence even if the defendant had agreed to a plea bargain. State v. Collins, 359 So.2d 174 (La.1978). Certainly the judge was not limited by the unaccepted offer.
In his well-written reasons for sentencing the judge found that the defendant is in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense. As we stated in State v. Morgan, 428 So.2d 1215, 1216 (La.App. 3d Cir.1983), writ denied, 433 So.2d 166 (La.1983):
“In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.” (citation omitted)
The record shows no abuse of discretion in imposing upon the defendant a sentence of eighteen years at hard labor. The defendant’s assignment is without merit.
SUFFICIENCY OF EVIDENCE
The defendant contends that no rational trier of fact could have found that the State proved the essential elements of manslaughter beyond a reasonable doubt. Other than his own version of the facts, he provides no argument in support of this assignment. As we have stated above, the evidence supports the State’s account of the shooting, in which the defendant’s actions clearly constituted manslaughter. We find no merit to this assignment.
CONCLUSION
For the foregoing reasons, the defendant’s conviction of manslaughter, and his eighteen-year sentence, are affirmed.
AFFIRMED.