STOKER, Judge.
Defendant, Harold Ray Dew, was charged by bill of information with two counts of sexual battery in violation of LSA-R.S. 14:43.1. The sexual battery was committed upon a five-year-old female named Dianna Michelle Knutzen and a seven-year-old female named Kristina Belle Knutzen. On October 21, 1985 the defendant was tried by a six-person jury that found him guilty as charged. On February 14, 1986 the trial judge sentenced the defendant to serve ten years at hard labor on each count, with the two sentences to run consecutively. The defendant appeals his conviction and sentence, urging four assignments of error.
ASSIGNMENTS OF ERROR
1. The trial court erred in failing to properly apply the sentencing guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure.
2. The trial court erred in failing to state for the record the considerations taken into account and the factual basis therefor in imposing sentence on the defendant, as required by Article 894.1(C) of the Louisiana Code of Criminal Procedure.
3. The trial court erred in imposing a sentence which is excessive and an arbitrary infliction of severe punishment re- *420 suiting in cruel and unusual punishment of the defendant.
* 4. The state failed to prove defendant’s guilt beyond a reasonable doubt and failed to present sufficient evidence to convict the defendant of the crime of sexual battery.
ASSIGNMENT OF ERROR NOS. 1 AND 2
Through these assignments of error, the defendant contends that the trial court erred in failing to properly apply the sentencing guidelines and in failing to state for the record the considerations taken into account and the factual basis therefor in imposing sentence as is required by LSA-C.Cr.P. art. 894.1.
LSA-C.Cr.P. art. 894.1, which was enacted to assist the courts in imposing appropriate sentences, provides sentencing guidelines. There are three factors weighing in favor of a sentence of imprisonment, or aggravating circumstances, and eleven factors weighing in favor of a probated or suspended sentence, or mitigating circumstances. Under LSA-C.Cr.P. art. 894.1, a trial judge, in sentencing, must state for the record those circumstances taken into account, as well as the factual basis for a sentence imposed. State v. MacDonald, 390 So.2d 1276 (La.1980). The sentencing judge, however, is not required to articulate every factor provided in Article 894.1, so long as the record reflects that these were considered in particularizing the sentence to the defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3d Cir.1983), writ denied, 433 So.2d 166 (La.1983).
The trial court, at the time of sentencing, filed written reasons for sentence into the record. In the trial judge’s written reasons, he referred to LSA-C.Cr.P. art. 894.1 and stated that all three subsections of Paragraph A were applicable in imposing a sentence of imprisonment upon defendant. The trial judge found subsection (1) of Paragraph (A) to be especially worthy of consideration in sentencing the defendant. He stated that:
“There is a strong possibility that there is also undue risk that Defendant will commit another crime during a period of a suspended sentence or probation, because, while the Court is well aware of the presumption of innocence, the pre-sentence report reflects that Mrs. Bobbie Lafitte, of the Sabine Parish Office of Child Protection Services advises that another 4-year old child has named the Defendant as her molester, and that this little girl was not related to either the Defendant or the victim in the instant case.”
Additionally, the trial judge “reviewed, in detail, each of the eleven sub-parts set forth in Paragraph B of Article 894.1 relating to factors to consider in determining whether a suspended sentence, or probation, would be appropriate.” Following a written review of the mitigating factors in which he found subsections 1-7 and 11 inapplicable and subsections 8-10 to be accorded little or no weight; the trial judge commented that he considered a suspended or probated sentence inappropriate. He further commented that there is nothing to indicate that the defendant is likely to respond affirmatively to probationary treatment. The record thus shows that the trial judge was aware of and adequately considered the guidelines of LSA-C.Cr.P. art. 891.1, which is all that is required. State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Brian, 467 So.2d 878 (La. App. 3d Cir.1985).
The record also contains mention of the considerations and factual basis for imposing sentence on the defendant. The trial judge, in his written reasons for sentence, stated the facts of the case and took into consideration the defendant’s age and the fact that he is single. The court also referred to the presentence investigation report, commented on the defendant’s edu *421 cational background, his unemployed status, and the fact that he was arrested a total of eight times, four of which have resulted in convictions.
These assignments of error are therefore without merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error, the defendant contends that two consecutive maximum sentences of ten years at hard labor is excessive.
The defendant was convicted of two counts of sexual battery. Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years. LSA-R.S. 14:43.1. It is well settled that a sentence, although within the statutory limits, may violate a defendant’s constitutional right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Freeman, 474 So.2d 1035 (La.App. 3d Cir.1985). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. Freeman, supra.
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. State v. Beavers, 382 So.2d 943 (La.1980).” 384 So.2d at 358.
In State v. Davis, 449 So.2d 452, 453 (La.1984), the Supreme Court stated:
“A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Tel-see, [425 So.2d 1251 (La.1983)] State v. Sims, 410 So.2d 1082 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).”
The Supreme Court of this state has held that maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981); State v. Stucke, 419 So.2d 939 (La.1982). In the present case, the defendant was convicted of two counts of sexual battery involving victims who were seven and five years old. From the record, it appears that the defendant is reported to have “molested another child, age four years.” In addition, the trial judge notes that the defendant has been arrested eight times, four of which, including the two present offenses, have resulted in convictions.[1]
From the above, it appears that this case involves one of the most serious violations of sexual battery, considering the age of the victims and, as such, the maximum sentence of ten years on each count is appropriate in this case. The sentence imposed on the defendant is not so disproportionate to the crime committed as to shock our sense of justice. It therefore cannot be maintained that the trial judge abused his discretion in sentencing the defendant to two consecutive ten-year sentences at hard labor.
This assignment of error is likewise without merit.
*422 Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

 Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

. Other criminal activities, including arrests even though not prosecuted to convictions, are facts proper for consideration by the court in imposing sentence. State v. James, 447 So.2d 580 (La.App. 3d Cir.1984); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984); State v. Collins, 470 So.2d 553 (La.App. 1st Cir.1985).