446 So.2d 561 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joe KING, Defendant-Appellant.
No. CR83-675.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*562 Nesib Nader, Shreveport, for defendant-appellant.
Asa Skinner, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Joe King, pleaded guilty to attempted possession of phenmetrazine (LSA-R.S. 40:967(C) and R.S. 14:27). He was given the maximum sentence of two and a half years at hard labor and the maximum fine of $2500. Defendant appeals the sentence. We affirm.
Although three assignments of error were reserved only one is argued on appeal. The other two are considered abandoned, State v. Zeno, 322 So.2d 136 (La.1975), and will not be considered.
The argued assignment is that the sentence is excessive. Based generally on the premise that his crime was a non-violent one, defendant contends that the maximum sentence in his case was undeserved.
It is generally said that the maximum penalty should be reserved for the worst case and the worst offender. State v. Lanclos, 419 So.2d 475 (La.1982). We find that it was not a manifest abuse of the trial court's discretion to give the maximum penalty in this case. The explanation for the sentence lies in the trial court's careful compliance with C.Cr.P. art. 894.1 and the factors he considered in arriving at the sentence.
Following the guilty plea the trial judge deferred sentence for over two months and ordered a presentence investigation. He conducted a sentencing hearing. In imposing sentence the court noted that although defendant had no felony record, he had a lengthy misdemeanor record of eight convictions, including two marijuana possession convictions, resisting arrest, simple escape, and two thefts. Some of these had been reduced from felonies. The court also noted that there were a number of arrests on defendant's record for which no disposition was shown, along with bond forfeitures, contempts, disturbing the peace and other matters.
The trial court also observed that defendant's plea to attempted possession of phenmetrazine was the result of a plea bargain in exchange for which a charge of distribution of marijuana was dismissed and the charge of phenmetrazine possession was reduced to attempt. We note that the two original charges carried a combined exposure of fifteen years and $20,000. The trial judge correctly took into consideration that defendant had received considerable benefit from this plea. State v. Snider, 406 So.2d 209 (La.1981); State v. Lanclos, supra.
Additionally, the trial court observed that even while the presentence investigation was being made defendant was arrested again for distribution of a controlled dangerous substance. The trial court properly considered this as well as the other arrests mentioned above, because both arrests and convictions may be considered in imposing sentence. State v. Williams, 412 So.2d 1327 (La.1982).
*563 Finally, the trial court took into consideration the community attitude toward defendant as revealed by the opinions of his "peers", disclosed by the presentence report, describing defendant as having an "unsavory reputation." The propriety of the trial court's consideration of these conclusory opinions depends upon whether there is a factual basis for them in the record. We do not know whether a factual basis appears in the presentence report because it is not in the record. However, we find that defendant's criminal record alone furnishes a sufficient factual basis to explain how he might have deservedly acquired an unsavory reputation. We think it entirely appropriate for the sentencing court to give consideration to the defendant's deserved reputation in the community as a factor relevant to whether a lesser sentence would deprecate the seriousness of the offense. C.Cr.P. art. 894.1(A)(3).
As stated earlier, the trial court conducted a sentencing hearing. At the hearing the court gave counsel and the defendant ample opportunity to present mitigating factors for consideration. The defendant spoke in his own behalf. No mitigating factors were presented.
For the reasons assigned, we conclude that the trial court did not abuse its discretion when it imposed the maximum of two and one half years at hard labor together with the maximum fine of $2500.
One of the unperfected assignments of error was the legality of the imposition of an additional six month's imprisonment should defendant fail to pay the fine of $2500. Defendant's assignment of error complained that a failure to pay the fine exposed him to serving a sentence which exceeded by six months the statutory maximum in this case. We would treat this as an error patent if in fact it was error. It would have been error only if the record showed defendant was an indigent. State v. Lukefahr, 363 So.2d 661 (La.1978). However, the record makes it appear that defendant was not an indigent. He has had two attorneys in the case, a presentence attorney and a postsentence attorney, both from outside of his judicial district and both obviously retained. This being the case, the sentence was not illegal.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.