YELVERTON, Judge.
Isaac D. McDowell, having pled guilty to forcible rape reduced from aggravated rape, was sentenced to 20 years at hard labor, two years of which was to be served without benefit of parole, and he appeals the sentence claiming it was excessive. This is his only assignment of error. We find no merit to it and we affirm the sentence.
On November 25, 1982, defendant, then 29 years old, raped a seven year old boy. While in the woods with the victim, the defendant forced him to the ground, pulled the boy’s pants to his ankles and performed anal sexual intercourse on him. He then gave the child a dollar, warned him not to tell anyone, and let him go. The boy imme *872 diately told his mother. A medical examination confirmed the rape. A Grand Jury-returned an indictment charging aggravated rape (LSA-R.S. 14:42), a crime which mandates a sentence to life imprisonment without benefit of parole, probation or suspension. Under a plea bargain the defendant pleaded guilty to forcible rape (LSA-R.S. 14:42.1) a crime which provides a sentence of not less than two nor more than 40 years, two of which must be without benefit of parole, probation or suspension of sentence. After obtaining and reviewing a presentence report, the trial judge imposed a sentence of 20 years imprisonment, with two years to be served without benefit of parole.
This sentence does not violate the constitutional prohibition against excessive punishment. As noted in State v. Telsee, 425 So.2d 1251 (La.1983) and State v. Lathers, 444 So.2d 96 (La.1983), generally the sentences for forcible rape reviewed by the Supreme Court have ranged from 10 to 25 years, with parole excluded from two to eight years. The Supreme Court ordered a sentence of 25 years for the 17 year old first offender Telsee, and remanded Lathers, who was 21, for resentencing with a strong suggestion that he ought to get about what Telsee did. In State v. Nash, 427 So.2d 1241 (La.App. 2nd Cir.1983), a 25 year sentence, five of which was to be served without benefit of parole, imposed on a 26 year old defendant who was a first felony offender, was found not to be excessive. The 20 year sentence in the instant case, with only two years ordered served without parole, thus compares favorably with the sentences imposed for the same crime by other courts in this State.
There is nothing about this sentence that should take it out of the norm, considering the nature of the crime and the character and propensities of the offender. Defendant’s guilty plea was an admission that a rape occurred, and, since the victim was only seven years of age, defendant’s conduct was actually an aggravated rape, which carried a mandatory life sentence at hard labor without benefit of parole. By plea bargaining, defendant obtained a significant reduction in his potential exposure to imprisonment, and his actual sentence was only half of the reduced exposure, with the minimum amount to be served without parole. This factor was considered by the trial court when the sentence was imposed and it is a proper consideration in determining whether the sentence was excessive. State v. Landos, 419 So.2d 475 (La.1982).
The trial judge considered the mitigating factors of the defendant’s age and the absence of a criminal record. He also mentioned the aggravating factor of serious psychological damage suffered by the victim. Noting that the defendant continued to maintain that he had done nothing harmful, despite his guilty plea, the trial judge stated that he felt a lesser sentence would deprecate the seriousness of the offense.
The trial court’s well-articulated compliance with the sentencing guidelines of C.Cr.P. art. 894.1, fully supports the sentencing choice.
The sentence is affirmed.
AFFIRMED.