YELVERTON, Judge.
Having pled guilty to DWI third offense reduced from DWI fourth offense, LSA-R.S. 14:98(E) and (D), defendant, Nicholas Babcock, was sentenced to five years at hard labor in the custody of the Department of Corrections. He appeals the sentence assigning as errors that the sentence was excessive and that the trial judge failed to comply with the sentencing guidelines of C.Cr.P. art. 894.1.
Defendant was arrested for the present offense on September 5, 1983. Circumstances of the present offense were not aggravated. He was not involved in an accident. He was pulled over and arrested only because he was driving erratically, crossing the center line and going on the shoulder. What makes the offense stand out is the number of times defendant has been convicted for DWI in the recent past.
His DWI record started with a first offense conviction in 1980. He was then 40. A year later, 1981, he was convicted of DWI second offense, followed shortly that year by another DWI second offense, then by a DWI third offense conviction. In 1983 he got his second DWI third conviction. The instant case started as a DWI fourth offense, but it. was reduced to DWI third offense, and on May 2,1984, defendant was sentenced to five years at hard labor. He was 44 on the date of conviction.
In the four years 1980-1984 while defendant was logging five DWI convictions before the present one, he was ordered to pay a total of $1825 in fines, all court costs, and some alternative time for default of payment of fine and court costs, and he was given a total of two years and four months imprisonment. The record does not show how much he actually paid in fines, or how much time he actually served in prison.
By two assignments of error, defendant complains that his sentence of five years at hard labor was excessive. He also complains that the sentencing judge failed to follow the guidelines of C.Cr.P. art. 894.-1.
Neither of these assignments have merit.
The sentencing judge complied with the guidelines. He looked at the mitigating as well as the aggravating circumstances. He took into account the mitigating factor that this was a victimless crime; defendant was merely observed driving erratically, no other vehicles were involved. He discussed the mitigating factor that necessarily flowed from the circumstances: there was nothing to indicate defendant wanted to cause harm, he did not cause harm, and therefore no compensation or restitution was involved.
On the other hand, the sentencing judge took into account that defendant’s blood alcohol concentration was .22% at the time of his arrest. Also, with five prior DWI convictions the defendant might well have been convicted of fourth offense DWI in which case the sentencing range would have been 10 to 30 years. Thus, the acceptance of his plea to DWI third offense reduced his sentencing exposure to one-half the minimum on a fourth conviction.- The benefit to a defendant resulting from a reduced-charge type of plea bargain, with resulting reduced exposure to imprisonment, has long been recognized as a legitimate factor in determining whether a sentence is excessive. State v. Lanclos, 419 So.2d 475 (La.1982).
• In the instant case, defendant’s DWI record of five offenses in four years alone furnishes a factual basis supporting the *479 sentence, and also supporting the trial court’s apprehension that a lesser sentence would deprecate the seriousness of the offense, and that defendant’s conduct was likely to recur.
Defendant’s claim of excessiveness is based solely on his having received the maximum sentence for the offense to which he pled guilty. He argues that in every case the maximum punishment is reserved for the worst offender, and that he is not the worst offender, as shown by the circumstances of the present arrest.
It has been held that, because of the high potential of danger to the innocent public caused by the habitual drunken driver, the minimum penalty of 10 years imprisonment on a conviction of DWI fourth offense is not excessive. State v. Beavers, 382 So.2d 943 (La.1980). We must hold, similarly, that the maximum penalty of five years imprisonment on a plea to DWI third offense, reduced by plea bargain from fourth offense, where the record shows defendant actually had five DWI convictions within the previous four years, was not excessive.
The sentence is affirmed.
AFFIRMED.