MANSOUR, Judge.
Defendant, Grover C. Stewart, was charged by bill of information with operating a vehicle while intoxicated, third offense, in violation of La.R.S. 14:98. On May 7, 1985, the defendant withdrew his former plea of not guilty and entered a plea of guilty. On October 30, 1985, the trial court sentenced the defendant to serve four years at hard labor with the Department of Corrections, with one year to be served without benefit of parole, probation, or suspension of sentence. The defendant appeals his sentence, citing three assignments of error.
ASSIGNMENTS OF ERROR NOS. 1 AND 2:
Through these assignments of error, the defendant contends that the trial court erred in failing to both properly apply the sentencing guidelines and state for the record the considerations taken into account and the factual basis therefor as required by La.C.Cr.P. art. 894.1.
The purpose of requiring the sentencing judge to articulate the particular facts and considerations that he took into account are two-fold. First, it ensures that the sentence is individualized; and second, it gives the reviewing court an actual indication of whether the sentencing judge adequately considered the guidelines of La.C.Cr.P. art. 894.1. State v. Murdock, 416 So.2d 103 (La.1982); State v. Forshee, 395 So.2d 742 (La.1981); State v. Freeman, 474 So.2d 1035 (La.App. 3 Cir.1985).
The requirements of La.C.Cr.P. art. 894.1 are fulfilled when the record affirmatively shows that the district judge considered the statutory guidelines. State v. McDermitt, 406 So.2d 195 (La.1981). The trial judge is not required to articulate every factor provided in article 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied 433 So.2d 166 (La.1983).
In sentencing the defendant, the trial judge made the following comments:
“... The Court has reviewed sentencing in your case under the provisions of Article 894.1 of our Code of Criminal Procedure, which mandates that the judge consider certain enumerated mitigating factors which might favor probation.
Of course, in your case, although you are a first felony offender technically, as noted by the Court, you do have six prior convictions for DWI.
The Court has found that provisions eleven, ten, nine, eight, seven, four and two of Article 894.1 do not apply to you in this case. That is, the facts and circumstances in your situation do not support those mitigating factors. ...”
The trial judge’s comments show that he was aware of and considered the guidelines of La.C.Cr.P. art. 894.1, which is all that is required. State v. Johnson, 474 So.2d 36 (La.App. 3 Cir.1985); State v. Brian, 467 So.2d 878 (La.App. 3 Cir.1985).
The defendant also asserts that the trial court erred in failing to comply with paragraph (C) of La.C.Cr.P. art. 894.1, which states:
*918 C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
The trial judge, in sentencing the defendant, stated that the presentence investigation report reflects that the defendant has been charged with driving while intoxicated a total of thirteen times since 1954, of which six of those charges have resulted in convictions. (Tr. p. 26). The trial judge further stated:
“... Mr. Stewart, the Court in this situation is left with one of two alternatives. That is to allow you to go free once again and possibly injure yourself or some other individual in an accident. The Court does not feel that you, after so long a period of time and after so many involvements with the criminal law that you are going to change your ways. I just don’t see that in your case. ...”
From the above, it appears that the trial judge adequately complied with paragraph (C) of La.C.Cr.P. art. 894.1.
Accordingly, these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3:
The defendant alleges that the trial court erred in that the four-year sentence given defendant is excessive.
The defendant pleaded guilty to the crime of driving while intoxicated, third offense. La.R.S. 14:98 provides the penalty for a third conviction:
“D. On a third conviction, regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole, or suspension of sentence, the court shall require the offender to participate in a court-approved substance abuse program and/or participate in a court-approved driver improvement program.”
Therefore, the four-year sentence, one year of which is without benefit of parole, probation, or suspension of sentence, is within the statutory limit for sentencing. However, even a sentence which falls with the statutory limits may violate a defendant’s right against excessive punishment. La. Const. Art. 1, Sec. 20; State v. Sepulvado, 367 So.2d 762 (La.1979). While a trial court is given wide discretion in the imposition of sentence within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. Freeman, supra.
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra.
In State v. Babcock, 461 So.2d 477 (La.App. 3 Cir.1984), the defendant, who pleaded guilty to DWI third offense and was sentenced to five (5) years at hard labor, alleged the sentence’s excessiveness on appeal. In upholding the sentence, the court noted that defendant’s record of five offenses in four years alone furnishes a factual basis supporting the sentence. Id., at 478, 479.
In the instant case, given the fact that defendant has thirteen prior charges of DWI, six of which have resulted in convictions, it cannot be maintained that the trial judge abused his discretion in sentencing the defendant to four years at hard labor.
This assignment of error, likewise, lacks merit.
AFFIRMED.