GAUDIN, Judge.
Ramon and Ricardo Navarro were originally charged with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967. Following plea bargaining, the state reduced the charge to attempted possession of cocaine. Both Navarros then entered guilty pleas and were sentenced to two and one-half years at hard labor and ordered to pay $2,500.00 fines plus court ■costs, the statutory maximum.
On appeal, the Navarros contend the sentence was excessive and grossly disproportionate to the crime. Appellants are 45 and 38 years of age respectively, and they are first offenders!
At the sentencing hearing, the trial judge said that “... these people (the defendants) are pushers of cocaine and a detriment to our community.” Three ounces of cocaine and $2,473.00 in cash were seized when appellants were arrested.
The trial judge noted that defense counsel had been instrumental in having the charge reduced. Possession with intent to distribute cocaine, the initial charge, carries a penalty of up to 30 years at hard labor and a fine of up to $15,000.00. It is proper for the sentencing judge to consider a plea bargain which results in a considerable reduction in prison exposure. See State v. Vinson, 482 So.2d 48 (La.App. 5th Cir.1986), wherein the court said at page 53:
“It is well established that the trial judge is given wide discretion in the imposition of sentences within statutory limits. Absent a manifest abuse of that discretion, the sentence imposed by a trial judge should not be set aside as excessive. State v. Lanclos, 419 So.2d 475, 478 (La.1982). Further, the jurisprudence holds that where a plea bargain results in a significantly reduced potential exposure, the maximum sentence under the crime pled to is not an abuse of the trial court’s discretion. State v. Lanclos, supra; State v. McDowell, 457 So.2d 871 (La. App. 3d Cir.1984); State v. Babcock, 461 So.2d 477 (La.App. 3d Cir.1984).
“Although the sentence imposed was the maximum allowed for the crime to which the defendant pled guilty, by plea bargaining, the defendant obtained a significant reduction in the sentence he could have received. Consequently, we cannot say under these circumstances that the trial judge abused his discretion or that the sentence is excessive.”
Although there was minimal compliance with LSA-C.Cr.P. art. 894.1, a remand is unnecessary. Considering the nature and circumstances of the crime, original charge and the plea bargaining, the trial judge did not abuse the vast sentencing discretion he has.
Also, there aré no errors patent. Although neither Navarro is very familiar with the English language, they were fully advised of their constitutional rights and the maximum penalty through a Spanish-speaking interpreter. The record clearly indicates that the rights were understood and effectively waived.
AFFIRMED.