513 So.2d 486 (1987)
STATE of Louisiana, Appellee,
v.
James E. HERNDON, Appellant.
No. 18953-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1987.
*487 Steven A. Hansen, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Marcus A. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Chief Judge.
The defendant, James E. Herndon, was charged by bill of information with possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967(A)(1). After a jury trial, defendant was found guilty of attempted possession of cocaine, in violation of LSA-R.S. 40:979(A) and 40:967(C), and was sentenced to two and one-half years at hard labor. He appeals the conviction and sentence.
We affirm.
FACTS
On May 7, 1986, the defendant was stopped by a state trooper in Ouachita Parish for traffic violations. After receiving consent from the defendant, the trooper searched the interior of the car. Approximately two ounces of cocaine was found hidden in the sleeve of a jacket located in the back seat of the car. The jacket belonged to Coy Randall Morrison, a passenger in defendant's vehicle. Defendant and Morrison were arrested for possession of cocaine with intent to distribute. Prior to defendant's trial, Morrison pled guilty to the reduced charge of attempted possession of cocaine pursuant to a plea agreement which stipulated that he would testify at defendant's trial. At trial, Morrison testified that he and the defendant had traveled from Oklahoma to Florida to buy drugs and were on their way back when *488 they were stopped by the state trooper. Morrison testified that defendant was the one who actually purchased the drugs but that they both contributed money for the purchase. He stated that they intended to use some of the cocaine themselves and sell the rest. The defendant offered no evidence at trial and was convicted of attempted possession of cocaine. After defendant was convicted, Morrison recanted much of his trial testimony.
ASSIGNMENT OF ERROR NOS. 2 AND 3
By these assignments defendant argues that the verdict was contrary to the law and evidence and that the trial court erred in denying his motion for new trial. The crux of defendant's argument as to both assignments is the alleged unreliability of Morrison's testimony. Defendant cites in support of his argument the fact that Morrison testified against defendant pursuant to a plea agreement wherein his potential exposure to punishment was greatly reduced; that Morrison later recanted much of his trial testimony which implicated defendant; and that Morrison attempted suicide twice between the time of the arrest and defendant's trial, and later did in fact kill himself.
Sufficiency of the Evidence
The standard for reviewing a claim of insufficiency of the evidence is whether viewing the evidence in the light most favorable to the prosecution, a rational trier of fact would have found beyond a reasonable doubt that the defendant was guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant contends the evidence was not sufficient to establish his guilt of attempted possession of cocaine beyond a reasonable doubt.
The state trooper who stopped defendant testified he found two ounces of cocaine in a plastic bag in the sleeve of a jacket on the back seat of defendant's car. Morrison testified that he and defendant went to Florida to purchase drugs, that they had approximately $2,100.00 between them, that defendant contacted a person from whom he made the buy, that they intended to sell some and "do" some when they got back to their home in Oklahoma, and that the cocaine was in his jacket.
The jury was fully informed through cross-examination of Morrison's involvement and of his plea bargain. His credibility was at issue and the jury apparently chose to believe him. His testimony coupled with that of the trooper which established that the cocaine was found in defendant's car, was entirely sufficient to establish defendant's guilt beyond a reasonable doubt. There is no room for reasonable doubt that the defendant, traveling for several days with his friend, knew the cocaine was in his automobile. The only reasonable inference is that the cocaine was under their joint dominion and control. This fact is sufficient to support a conviction of possession, or attempted possession, of the cocaine. This is true, regardless of the accuracy of Morrison's testimony as to the circumstances under which the drugs were purchased or who was the instigator.
Motion for a New Trial
After the defendant's conviction, he filed a motion for a new trial based upon newly discovered evidence which was a letter from Morrison which attempted to shift blame to himself.
Louisiana Code of Criminal Procedure article 851 provides in pertinent part that:
"The court, on motion of the defendant, shall grant a new trial whenever: ...
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict of judgment of guilty ..."
As noted by the trial judge, the letter does not absolve defendant from guilt. Morrison's letter indicated that he had purchased the cocaine and that defendant was unaware of it until after they had departed from Florida. It does not negate the fact that defendant knew the cocaine was in his car and in fact confirms that Morrison told defendant about the cocaine and that defendant's money was used in *489 buying the drugs. Morrison's recantation to this extent would not likely produce a different result than the verdict reached and the trial court apparently so found in denying defendant's motion for a new trial. We agree. Recantations are highly suspicious and, except in rare circumstances, a motion for new trial should not be granted on the basis of recantation since that disclaimer is tantamount to an admission of perjury so as to discredit the witness at a later trial. State v. Prudholm, 446 So.2d 729 (La.1984).
These assignments of error are without merit.
ASSIGNMENT OF ERROR 1
Sentence
By this assignment, defendant contends that his two and one-half years at hard labor sentence is excessive. He concedes that the trial judge articulated his reasons for imposing the sentence but argues that the sentence violates the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1.
The record reveals that the trial judge complied with the spirit, as well as the letter, of the sentencing guidelines. Defendant's previous convictions of felony drug offenses and the fact that this offense involving the possession of a substantial quantity of cocaine was committed while defendant was on probation justify the maximum sentence of two and one-half years imposed. The trial court considered defendant's good personal and military record prior to 1980 when he began abusing alcohol and drugs, but correctly determined that a significant period of incarceration was appropriate. Defendant was not eligible for probation and a sentence of two and one-half years at hard labor cannot be held excessive under the circumstances shown in this record. This assignment of error lacks merit.
CONCLUSION
The conviction and sentence are affirmed.