MOORE, J.
hThe defendant was initially indicted for second degree murder for intentionally driving his vehicle at a high rate of speed into a van, which exploded into flames and burned the victim to death. The indictment was replaced by a bill of information charging the defendant with vehicular homicide, a violation of La. R.S. 14:32.1. The state agreed to only bill the defendant as a second felony habitual offender in exchange for a guilty plea to charges of vehicular homicide and second felony habitual offender. After accepting the guilty plea, the trial court sentenced the defendant to 38 years at hard labor without benefit of probation and suspension of sentence. The defendant appeals his sentence claiming that it is excessive. Our error patent review discloses that the trial court failed to impose a sentence as required by La. R.S. 14:32.1 that at least one year of the sentence be served without the benefit of parole; failed to impose a fine; and failed to order the defendant to participate in a court-approved substance abuse program, driver improvement program, or both. We affirm the conviction, vacate the sentence and remand for re-sentencing.
The record shows that, on December 8, 2002, the defendant had been drinking at a night club where he argued with his girlfriend about her dancing with other men. The defendant left the nightclub with his *385 girlfriend in a 1995 Chevrolet Caprice, According to his girlfriend, defendant was driving recklessly on 1-20 at a high rate of speed, weaving in and out of traffic. He exited the interstate at Linwood Avenue at approximately 90 miles per hour. On the exit ramp, the defendant drove his vehicle into the back of a van being driven by Roy Lyons, apparently making no attempt to li>put on his brakes or avoid the impending collision. The van was thrust forward some 544 feet and exploded into flames, burning Mr. Lyons to death in the van. The defendant’s blood alcohol concentration was determined to be .10 grams/cubic centimeters.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where, the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385.
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App. 2 Cir. 2/27/02), 811 So.2d 176. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a ^significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Prior to imposing a sentence, the trial court discussed that it reviewed the defendant’s criminal history in the pre-sentence investigation report. The court also noted that, when this offense occurred, the defendant was awaiting sentencing in federal court for possession of marijuana, possession of drug paraphernalia and possession of a firearm by a convicted felon. The court stated that it reviewed the sentencing guidelines and the habitual offender statute. The court took into consideration the victim impact statement and letters from the victim’s family. In mitigation, the court stated that the defendant admitted his guilt and did not proceed to trial.
*386 |4In this instance, the trial court imposed a sentence of 38 years at hard labor without the benefit of probation or suspension of sentence. As a second felony offender, the statutory sentencing range was 10 to 40 years. Considering the totality of the record, this sentence is not constitutionally excessive. The defendant is at the very least a second felony offender, who has been convicted of simple burglary, middle grade theft, possession of marijuana, possession of drug paraphernalia and possession of a firearm by a convicted felon. The pain and suffering caused to the family is irreparable. The victim impact statement was extremely detailed and dramatic in explaining the overwhelming magnitude of the loss and the hardship placed upon the victim’s wife and grandchildren. Additionally, the defendant received substantial benefits when the state agreed to only bill the defendant as a second felony offender. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice.
However, our error patent review discloses that the sentence is illegal. La. R.S. 14:32.1 requires that a person convicted of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars, shall be imprisoned with or without hard labor for not less than two years nor more than twenty years, and at least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole or suspension of sentence. La. R.S. 15:529.1 provides that a second felony offender shall be sentenced to imprisonment not less than one-half the longest term and not more than twice the longest term prescribed for a |fifirst conviction. Although the trial court sentenced the defendant to serve 38 years at hard labor without the benefit of probation and suspension of sentence, it failed to order at least one year to be served without the benefit of parole. This sentencing provision is indeterminate and the trial court must order a portion or all of the years to be served without the benefit of parole.
Additionally, the sentence is illegally lenient. The statute requires an imposition of a fine not less than two thousand dollars nor more than fifteen thousand dollars, and also requires the court to order participation in a court-approved substance abuse program, driver improvement program, or both. The failure to assess the defendant with a fine and order him into a court-approved program provide additional grounds for vacating the sentence.
For the foregoing reasons, the conviction is affirmed and the sentence is vacated and the case remanded for re-sentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.