NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-923

STATE OF LOUISIANA

VERSUS

KEVIN L. STINSON

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71225-71228
HONORABLE VERNON B. CLARK, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED WITH INSTRUCTIONS.

Hon. William E. Tilley
District Attorney - 30th JDC
Terry Wayne Lambright
Asst. District Attorney
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff/Appellee
        State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant**
**Kevin L. Stinson**

GREMILLION, Judge.

In this case, the defendant, Kevin L. Stinson, was charged with one count of possession of CDS II, cocaine, in violation of La.R.S. 40:967, one count of possession of drug paraphernalia, in violation of La.R.S. 40:1033, one count of operating a motor vehicle while having a suspended license, in violation of La.R.S. 32:415, and one count of speeding by traveling fifty-six miles per hour in a thirty-five mile per hour zone, in violation of La.R.S. 32:61, all under different docket numbers. He eventually pled guilty to attempted possession of CDS II and to driving under suspension in exchange for the reduced charge and dismissal of the two remaining bills of information. He was sentenced to pay a $1,000 fine and to serve two and a half years at hard labor for the attempted possession of CDS II conviction, with credit for time served, and ordered to pay a $200 fine and to serve ninety days in the parish jail for the driving under suspension conviction. The sentences were ordered to be served concurrently. Defendant now appeals claiming that the trial court did not find or consider any mitigating factors and that his sentence for attempted possession of cocaine is unconstitutionally excessive. We affirm Defendant's conviction and sentence for attempted possession of cocaine, but sever the misdemeanor sentence of driving under suspension from the appeal and allow Defendant to file a supervisory writ if he so desires.

## THE MISDEMEANOR CHARGE

As noted above, Defendant pled guilty to attempted possession of CDS II and to driving under suspension, which is a misdemeanor. In the "Motion for Appeal and Designation of Record," Defendant included district court docket

1

numbers 71,225 to 71,228, and the trial court granted the appeal on all four docket numbers. However, the proper appellate review for a misdemeanor conviction is generally by writ. La.Code Crim.P. art. 912.1. In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-0871 (La. 12/12/05), 917 So.2d 1084, the defendant sought appellate review of his two felony convictions and his one misdemeanor conviction. In that case, we pointed out that although the defendant contested his misdemeanor conviction, he did not specifically make any arguments with regard to that conviction. We severed the misdemeanor conviction from the appeal and ordered the defendant to file a writ of review regarding it in compliance with the Uniform Rules of Court. We considered the notice of appeal as a notice to file a writ of review within thirty days of the opinion if the defendant desired to seek review of the misdemeanor conviction.

Just as in *Turner*, Defendant in the instant case has not raised any assignment of error regarding his misdemeanor conviction. Therefore, we shall follow the holding in *Turner* and sever the misdemeanor conviction from the appeal and order Defendant to file a writ of review on that conviction in compliance with the Uniform Rules of Court, if he so desires.

### EXCESSIVE SENTENCE

Defendant maintains that although the trial court cited several different provisions of La.Code Crim.P. art. 894.1, it failed to give proper consideration to the mitigating factors in his case. Defendant further contends that the trial court failed to resolve conflicts between the information in the pre-sentence investigation report and Defendant's statements at the sentencing hearing.

2

Regarding the trial court's compliance with Article 894.1, Defendant complains that the trial court failed to give adequate consideration to the following mitigating factors: (1) his prior felonies were more than ten years old at the time of the instant offense; (2) he has no prior drug offenses; (3) he admitted to using marijuana and cocaine for approximately a six month period; (4) he cooperated during the traffic stop; (5) he received treatment for marijuana use in 2000; (6) he had completed the ADAC course and was voluntarily attending additional sessions; (7) he accepted responsibility for his actions by pleading guilty; (8) he had been employed since January; (9) he had four of his five children living with him, making his incarceration a hardship on his family; (10) the small quantity of cocaine involved in the offense; and (11) there was no substantial benefit from the plea bargain.

Defendant also asserts that his sentence is unconstitutionally excessive, claiming that the maximum sentence imposed is cruel, unusual, and excessive, and in violation of Article I, § 20 of the Louisiana Constitution of 1974, as it serves no useful purpose of rehabilitation.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

3

The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler*, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.

The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. In addition, the trial court may consider other criminal activity which did not result in a conviction.

*State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01

(citations omitted).

The trial court set forth the following as the basis for the penalty imposed:

This is Kevin Lamont Stinson. Mr. Stinson is here for sentencing as follows: In number 71,225, the offense of attempted possession of, of cocaine; in number 71,227, driving under suspension. The facts are as follows: On August 11th, 2006 an officer with the Rosepine police department stopped the defendant's vehicle for speeding 53 in a 35 zone. A subsequent search of his person revealed he had an amount of powder cocaine in his pocket. He entered pleas of guilty to the attempt in number 71,225 and a guilty plea to 71,227 and the State agreed to dismiss 71,226 and 71,228 in this - his plea agreement. The court ordered a pre-sentence investigation to be conducted and I have received the report of the PSI and, and reviewed its contents in formulating the sentence today.

. . . .

All right. I considered the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were applicable. First,

4

this is a drug case and there is significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal drugs. Next, there are no substantial grounds which would tend to excuse or justify his criminal conduct nor did he act under strong provocation by any persons. He's thirty-one years of age. He's married. He has three children.

Defendant then corrected the PSI to state that he has five children, four of which live with him, and that he has worked at Miller Environmental in Sulphur earning nine dollars an hour since January. The trial court continued:

> All right, sir. Let's see. It also indicated that you have an eleventh grade education and you've not obtained your GED.
>
> . . . .
>
> Okay. Also, there is a history of drug and alcohol use. You indicated you had used cocaine for about six months. Previously, you were treated at Red River Facility in 2000 for marijuana use and you are now attending some ADAC courses.
>
> . . . .
>
> You completed - I mean, you are a second felony offender - you're classified as a second felony offender although I noted that you have - this is your third felony conviction, but technically you're still classified as a second felony offender. The PSI indicates that on June 9th, 1995 in the 36th Judicial District Court you were convicted of second degree battery. You received a two-year Department of Corrections sentence. You were sentenced to two years probation. Your probation was revoked on September 4th, 1998. You had apparently moved to the state of Georgia without reporting over there. On August 18th, 1995 in the 36th Judicial District Court, you were convicted of felony grade theft. You were given a two-year prison sentence and that was suspended and you were placed on probation for two years and that probation was revoked September the 4th, 1998.
>
> . . . .
>
> Okay. It also indicates five other misdemeanor convictions for DWI, simple battery or other offenses. Quite frankly, I don't find your record of probation compliance to be suitable at all and for, for those reasons, the court sentences you as follows: On 71,225, two and [a] half years at hard labor with the Louisiana Department of Corrections and a

5

fine of $1,000.00 plus court costs. You're given credit for any time served, if any, since the date of your arrest. I'm not suspending the prison sentence. Pursuant to the Code of Criminal Procedure Article 894.1D, you're advised that your sentence is not subject to diminution for good behavior due to your prior felony theft and second degree battery convictions. Your sentence was not enhanced upon the basis of any habitual offender proceedings.

Accordingly, the record shows that the trial court examined Defendant's situation in detail, including the applicable mitigating factors, and it allowed Defendant an opportunity to correct the information contained in the PSI. Therefore, we find that the trial court gave adequate consideration to the mitigating factors in Defendant's case.

The trial court imposed the maximum penalty allowed by the statute, two and a half years at hard labor, for attempted possession of cocaine. La.R.S. 40:967; La.R.S. 14:27. "Generally, maximum sentences are reserved for 'cases involving the most serious violation of the offense and the worst type of offender.' *State v. Baker*, 31,162, p. 20 (La.App. 2 Cir. 10/28/98); 720 So.2d 767, 779, *writ denied*[, 99-0007 (La. 4/23/99), 742 So.2d 880]. However, a trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing." *State v. Blackmon*, 99-391, pp. 6-7 (La.App. 3 Cir. 11/3/99), 748 So.2d 50, 53, *writ denied*, 99-3328 (La. 4/28/00), 760 So.2d 1174 (citation omitted). "Where a defendant has pled guilty to an offense which does not adequately describe his conduct . . ., the trial court has great discretion in imposing even the maximum sentence possible for the pled offense." *State v. Boston*, 40,368, pp. 2-3 (La.App. 2 Cir. 1/25/06), 920 So.2d 382, 385.

6

We have reviewed the pertinent jurisprudence, particularly *State v. Herndon*, 513 So.2d 486 (La.App. 2 Cir. 1987), *State v. Navarro*, 507 So.2d 856 (La.App. 5 Cir. 1987), *State v. Burge*, 498 So.2d 196 (La.App. 1 Cir. 1986), and *State v. King*, 446 So.2d 561 (La.App. 3 Cir. 1984). Each of the cases bears striking similarities to the case at hand and in each case the appellate court affirmed the maximum sentence for attempted possession of controlled dangerous substances.

The record shows that Defendant has been aware of his drug problem since at least 2000, when he underwent treatment for marijuana use. Defendant only sought further rehabilitation after his arrest. This is Defendant's third felony conviction, and his history of probation violation and subsequent revocation shows that he is unable or unwilling to meet the conditions of his probation. Finally, Defendant was charged with possession of cocaine and benefitted by his plea bargain. We cannot find that the trial court abused its discretion in ordering Defendant to serve the maximum penalty for attempted possession of cocaine.

Accordingly, we hold that this assignment of error is without merit.

## CONCLUSION

It is ordered that Defendant's conviction and sentence for operating a vehicle with a suspended license, in violation of La.R.S. 32:415, is severed from his appeal, and he is directed, if he desires review thereof, to file an application for supervisory review of that conviction and sentence within thirty days of the issuance of this opinion. Defendant's sentence of two and one half years at hard labor for attempted possession of cocaine is affirmed.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.