NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1000

STATE OF LOUISIANA

VERSUS

TRAVIS W. NOLEN

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 084111
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     Travis W. Nolen

**Asa Allen Skinner**
**District Attorney, Thirtieth Judicial District**
**Terry Wayne Lambright**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     State of Louisiana

**PICKETT, Judge.**

<u>FACTS</u>

The defendant, Travis W. Nolen, was a passenger in a vehicle that was subjected to a valid traffic stop. After the driver denied a request to search the vehicle, a police K-9 dog was walked around the vehicle, and it reacted. As a result, the vehicle was searched where, according to the record, "various items of paraphernalia along with a glass-like substance" were discovered. The Louisiana Crime Lab found the items tested positive as methamphetamine. The defendant acknowledged that it was some old stuff that he had and engaged in a discussion with the officer about whether or not he should go to jail for it. The defense acknowledged on the record that "we don't dispute the factual recitation."

The defendant was charged by bill of information with one count of possession of a Schedule II controlled dangerous substance, to wit: methamphetamine, in violation of La.R.S. 40:967(C)(2), on December 4, 2012. The defendant was also charged with one count of possession of drug paraphernalia.

On April 3, 2013, the defendant pled guilty to the reduced charge of attempted possession of methamphetamine. In exchange for his plea of guilty, the state dismissed the remaining charge of one count of possession of drug paraphernalia and agreed not to file any habitual offender proceedings against the defendant. Defense counsel's "only recommendation . . . is that there's not going to be any habitual offender proceedings filed against this defendant in exchange for the plea." The trial court ordered a presentence investigation report (PSI) and

ordered the sentencing for June 19, 2013. The trial court also allowed the defendant to remain on bond until sentencing.

The defendant was sentenced on June 19, 2013, to serve two and one-half years at hard labor and pay a fine of $2,000 plus costs of court. Defense counsel did ask the court to take into consideration that the defendant is employed. The defendant filed a Motion to Reconsider Sentence on June 25, 2013. The motion was denied without a hearing or written reasons on June 27, 2013.

The defendant has perfected a timely appeal asserting only that the sentence was excessive given his circumstances.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DISCUSSION

The defendant's sole assignment of error is that he received an excessive sentence in violation of La.Const. art. I, § 20 and the Eighth Amendment of the United States Constitution. The defendant argues before this court the same arguments articulated in his Motion to Reconsider Sentence. Specifically, the defendant, in his motion to reconsider sentence, argued that the maximum sentence for attempted possession of methamphetamine, two and one-half years imprisonment at hard labor, is not appropriate in the instant case because it is grossly disproportionate to the seriousness of the offense, is an abuse of power, and the trial court failed to consider mitigating circumstances.

The defendant pled guilty to attempted possession of a controlled dangerous substance, violations of La.R.S. 14:27(D)(3) and 40:967(C)(2). Louisiana Revised

2

Statutes 40:967(C)(2) provides that for the offense of possession of a Schedule II drug, the offender shall be imprisoned with or without hard labor for not more than five years and may be ordered to pay a fine of not more than $5,000. The attempt statute, La.R.S. 14:27(D)(3), provides that an offender:

> [S]hall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

The defendant received a maximum sentence of two and one-half years and a $2,000 fine.

This court has explained the analysis to be used in reviewing excessive sentence claims:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713…The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98) ] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

3

Even when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive. In determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. This court in *State v. Edwards*, 07-1058, p. 7 (La.App. 3 Cir. 3/12/08), 979 So.2d 623, 628, *writ denied*, 08-2693 (La. 9/18/09), 17 So.3d 391 (quoting *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225), explained, "[h]owever, '[m]aximum sentences are reserved for the most serious violations and the worst offenders.'" The *Lisotta* test, adopted by this court in *Whatley,* 867 So.2d 955, can be used to determine whether the defendant's sentence is excessive.

Finally, this court has found that "when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain." *State v. Williams*, 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101 (citing *State v. Lanclos*, 419 So.2d 475 (La.1982)). When a defendant has received a reduction in the potential length of incarceration, the trial court's discretion to impose the maximum sentence is enhanced. *Edwards,* 979 So.2d 623.

4

The first factor of the *Lisotta/Whatley* test is a review of the nature of the crime. As mentioned above, the defendant pled guilty to the reduced charge of attempted possession of methamphetamine.

The second factor is to review the nature and background of the defendant. In the instant case, the trial court evaluated the biographical information of the defendant, the PSI report, and the fact that the only agreement between the state and the defendant was that the state would not seek any habitual offender action. The trial court determined probationary treatment would not be appropriate given the defendant's previous attempts on probation, his history of addiction, his status as a third felony offender, and likelihood of reoccurrence. The trial court reasoned:

> All right, very well. This is Number 84,111 and 112, State of Louisiana versus Travis Nolen. Mr. Nolen appeared before this Court on April the 3rd of 2013 and entered a guilty plea to attempted possession of a Schedule II controlled dangerous substance. In this case it was Methamphetamine. Mr. Nolen is approximately 31 years of age, he graduated from high school, and he has been employed in the oilfield some.
>
> The facts of this case are basically, Mr. Nolen was in a car with another person. A traffic stop was made. At that time the drug dog alerted and these drugs were found on the passenger side of the vehicle, and, as I stated, Mr. Nolen pled guilty to the offense of attempted possession. I ordered a pre-sentence investigation to be conducted. It was done. I have received that report and have considered its contents. The only agreement between the defendant and the State was that the State would not seek any habitual offender action against this defendant. This is, of course, a drug case and with all drug cases there is harm to society in general. There are no substantial grounds to justify this defendant's conduct. As I stated, he is 31 years of age, he is not married, but has one child. Apparently he is in excellent health. He does have some history of drug and alcohol abuse and he has received some kind of rehab treatment at least two times in the past. He does have a prior criminal record and he is considered as a third offender classification. In 2006, he was convicted of possession of a Schedule IV, Schedule II, and a Schedule III narcotic drug. He was given a five year sentence and that was suspended and he was placed on probation. In 2007, he was convicted of attempted possession of a firearm by a convicted felon. He was given a five year prison sentence. That was suspended and he was placed on probation. He was given an opportunity on this occasion to

5

assist and help with the drug problem in Vernon Parish and he apparently did not take advantage of that opportunity. It does not appear that Mr. Nolen is a person who would respond favorably to probationary treatment because he has had that at least twice in the past. There is undue risk that if he did receive a suspended sentence, he may continue to commit other drug offenses, and he is in need of correctional treatment at this time. Any sentence lesser than the one that I'm going to give would depreciate the seriousness of his offense.

Here, the defendant received a significant reduction in sentencing exposure when the state reduced the charge. While the defendant argues that the trial court did not take into consideration mitigating circumstances, there is evidence in the record that it did.

The third factor is whether the sentence imposed is in line with that imposed for similar crimes by the same court and other courts. This court, in *State v. Slaydon*, 05-794, (La.App. 3 Cir. 2/1/06), 921 So.2d 1199, held that a defendant's sentence for a guilty plea to attempted possession of methamphetamine of thirty months at hard labor, suspended, three years supervised probation, with ninety days in the Beauregard Parish Jail was not excessive when the trial judge considered defendant was a first felony offender, considered the PSI report, and believed defendant may be rehabilitated.

In *State v. Jackson*, 10-50 (La.App. 3 Cir. 6/2/10) (unpublished opinion), this court held that the defendant's maximum sentence of two and one-half years for attempted possession of cocaine, 18.43 grams, was not excessive where the trial court considered the defendant's prior drug-related criminal history as an aggravating factor and found no mitigating circumstances even though the defendant was employed at the time of arrest.

In *State v. Lefeat*, 11-297 (La.App. 3 Cir. 10/5/11) (unpublished opinion), this court affirmed the defendant's two-year sentence for attempted possession of four and one-half pills of Xanax, a violation of La.R.S. 40:967(C)(2), holding that

6

it was not excessive where the trial court reviewed the PSI and acknowledged defendant was a third felony offender, defendant had a history of drug and alcohol abuse, and defendant had a prior criminal history. The trial court also acknowledged that defendant's exposure was reduced, and the state agreed not to file a habitual offender bill.

In reviewing similar cases, the state cites to *State v. King*, 446 So.2d 561 (La.App. 3 Cir. 1984), where this court upheld a sentence of a defendant who was sentenced for attempted possession of phenmetrazine, also a Schedule II drug, to a maximum two and one-half years and a $2,500 fine. This court determined that the trial court did not abuse its discretion when it took into account the defendant's extensive criminal history, including his arrest for distribution of a controlled dangerous substance while the PSI was being made, and that defendant had no prior felony convictions but eight misdemeanor convictions. *Id.* This court also observed that the trial court deferred sentencing for over two months, reviewed the PSI, used the La.Code Crim.P. art. 894.1 factors, and took into account the reduction of sentencing exposure to make its sentencing decision. *Id.*

In *State v. Johnson*, 12-306 (La.App. 1 Cir. 10/24/12) (unpublished opinion), while holding that defendant was procedurally barred from challenging his sentence due to failure to file a motion to reconsider sentence, the first circuit reviewed the factors the trial court considered before giving defendant the maximum sentence of two and one-half years for attempted possession of oxycodone, violations of La.R.S. 40:967(C)(2) and 40:979(A). The trial court considered defendant's biographical information, employment history, possession of twenty-one pills at the time of his arrest, and that the state would not file a

habitual offender bill.  The first circuit determined that the trial court did not abuse its discretion in sentencing.

In *State v. Herndon*, 513 So.2d 486 (La.App. 2 Cir. 1987), the defendant likewise was sentenced to two and one-half years at hard labor for the attempted possession of cocaine.  The offense involved a substantial amount of cocaine while the defendant was already on probation, and he had prior convictions of felony drug offenses.  The second circuit found his sentence was not excessive.

In the case before us, the defendant states in his brief:

> [T]he Louisiana Legislature reduced the sentencing ranges for several drug offenses by Act 403 of the 2001 Regular Session. In doing so, the Legislature addressed the problem drugs play in our criminal justice system and noted that rehabilitation was the preferred method to address the issue.

Defense counsel referenced the dissent in *State v. Olivier*, 08-520 (La.App. 3 Cir. 12/30/08) (unpublished opinion), *writ denied*, 09-528 (La. 11/20/09), 25 So.3d 786, where the judge discusses the legislative changes.  The state correctly responds that "a quick reading of Act 403 of the 2001 Regular Session reveals the Louisiana Legislature did not change/amend the penalties for the defendant's crime."

A trial court is given wide discretion in the imposition of sentences within statutory limits.  Louisiana Code of Criminal Procedure Article 894.1 sets forth factors which must be considered by the trial court before imposing sentence.  In light of the criteria expressed by La.Code Crim.P. art. 894.1, a review for individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision.  *State v. Watkins*, 532 So.2d 1182 (La.1988).

We find that the trial court's consideration of the defendant's individualized circumstances was well-considered and, thus, did not abuse its vast discretion

8

when it sentenced the defendant to the maximum sentence of two and one-half years and a fine of $2,000 plus court costs. Accordingly, this court affirms the defendant's sentence.

## <u>CONCLUSION</u>

The defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.