Judgment rendered October 2, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,856-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JUSTIN L. SLOAN                             Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 395,769

Honorable Donald Edgar Hathaway Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Annette Roach

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

JASON W. WALTMAN
BRIANA C. SPIVEY
REBECCA A. EDWARDS
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON and MARCOTTE, JJ.

MARCOTTE, J.

This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Donald E. Hathaway presiding. Defendant, Justin L. Sloan, was convicted of possession of a firearm by a convicted felon under La. R.S. 14:95.1. Sloan was sentenced to 15 years' imprisonment at hard labor without benefit of probation, parole, or suspension of sentence and was fined $2,500. Sloan now appeals, arguing that his sentence was unconstitutionally excessive and that the trial court erred in designating the offense as a crime of violence. For the following reasons, we affirm in part, and vacate and remand in part.

## FACTS

On June 4, 2023, Sloan was traveling southbound on Alto Visto Street in Shreveport, Louisiana, when he was stopped by Shreveport Police Department officers for having no inspection sticker. Officer Cody Sampson ("Off. Sampson") initiated the traffic stop and instructed Sloan to exit the vehicle for officer safety. Officer Travis Pinckley ("Off. Pinckley") arrived 10 to 15 seconds later and stood aside while Off. Sampson conducted the stop.

Off. Sampson detected a strong odor of marijuana emanating from Sloan's vehicle. Off. Sampson asked Sloan if had been smoking and whether there was anything in the car he should be aware of, to which Sloan responded in the negative.

Off. Sampson informed Sloan that he was going to search the vehicle due to the plain smell of marijuana. Sloan then admitted that there was a firearm between the driver's seat and the center console. He also admitted that because he was a convicted felon, he was not allowed to have a firearm.

Off. Sampson remained with Sloan while Off. Pinckley retrieved the firearm from the vehicle. Off. Pinckley found the firearm, a .40-caliber Glock 22, in plain view between the driver's seat and center console.

The firearm was within the "wingspan" of the driver with the barrel stuck down between the seat and console and the grip sticking out. The firearm was loaded with one round in the chamber ready to fire and 14 rounds in the magazine; it was ready to grab and shoot. Off. Pinckley cleared the firearm and removed the magazine to make it safe. Upon locating the firearm, Off. Pinckley *Mirandized* Sloan and took him into custody. There were no other passengers in the car with Sloan.

On July 5, 2023, the State filed a bill of information charging Sloan under La. R.S. 14:95.1, alleging that he had a prior felony conviction for possession of a Schedule IV Controlled Dangerous Substance ("CDS") on September 2, 2015, in Caddo Parish. A free and voluntary hearing was held on September 13, 2023. The court concluded that at the time Sloan made oral statements to Off. Sampson, he was not in custody, was not coerced, and was not offered anything in return for his statements and, thus, the statements were admissible.

At trial on September 14, 2023, the jury heard testimony from Off. Sampson and Off. Pinckley. Shreveport Police Department Officer John Madjerick ("Off. Madjerick") also testified and was accepted as an expert in fingerprint identification. Off. Madjerick identified the exhibits establishing Sloan's prior felony conviction and was able to show through fingerprint comparison that Sloan was the same person convicted under the prior offense. Sloan did not testify.

2

A unanimous 12-person jury found Sloan guilty as charged.  On October 23, 2023, Sloan filed motions for a post-verdict judgment of acquittal and a new trial.  The trial court denied both motions in open court on October 25, 2023.  Sloan's counsel waived the delays for sentencing and the trial court imposed a sentence of 15 years at hard labor without benefit of probation, parole, or suspension of sentence.  The court also imposed a $2,500 fine and designated the offense as a crime of violence.  Sloan was given notice of his right to appeal and to assert any claim for post-conviction relief within two years from the date his sentence became final.

Asserting only that his sentence was excessive and unconstitutionally harsh, Sloan filed a motion to reconsider on November 20, 2023.  The trial court denied it the next day.  Sloan now appeals.

**DISCUSSION**

*Excessive Sentence*

Appellant argues that the upper-range sentence imposed by the trial court was excessive and a violation of his constitutional rights since it was cruel and unusual punishment.  Sloan argues there were mitigating factors in his favor that the trial court should have considered, including the fact that he pulled over, was cordial with the officers and made no motion indicative of his intent to use the weapon at the time of the stop.  Sloan also notes that no controlled dangerous substance was found in his car and that his past criminal history only consisted of two "relatively minor" felonies.

Sloan also contends that his sentence is excessive based on his review of sentences imposed in similar cases.  Sloan points to several cases for the proposition that trial courts usually only impose fifteen to twenty-year sentences when the defendant was either using the weapon at the time of

3

arrest or had a lengthy prior record that included crimes of violence. Sloan notes that, unlike in the cases he cited, he had no violent crime convictions and was not using his weapon at the time of his encounter with the police officers.

The state argues that since Sloan received less than the maximum sentence and only a mid-range fine, his sentence is not unconstitutionally harsh and excessive. The state argues the record shows that the trial court gave adequate and full consideration to the guidelines found in La. C. Cr. P. art. 894.1 in determining an appropriate sentence. The state points out that the trial court found an undue risk that Sloan would commit another crime if given a suspended or probated sentence. The state argues that the sentence imposed was one fourth less than the maximum, and that a lesser sentence would deprecate the seriousness of the crime.

The state also avers that Sloan's cooperation when stopped should not be considered a mitigating factor, since such cooperation only resulted after being caught in the act of committing a crime. The state also pushed back on Sloan's claim that his criminal history of "relatively minor felonies" did not warrant a 15-year sentence. The state notes that Sloan previously received the benefit of suspended and probated sentences, as well as the dismissal of a prior firearm charge, only to squander the opportunities past leniency afforded him. The state contends that the upper mid-range 15-year sentence imposed is not grossly disproportionate to the severity of the offense or shocking to the sense of justice in light of the harm to society often resulting from convicted felons possessing firearms.

To assess a claim that a sentence violates La. Const. art. I, § 20, the appellate court must determine if the sentence is grossly disproportionate to

4

the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Gaines*, 54,383 (La. App. 2 Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.*, 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied*, 20-00307 (La. 9/8/20), 301 So. 3d 30.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The

articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151.

In this case, Sloan was convicted of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. A conviction under La. R.S. 14:95.1 mandates imprisonment at hard labor for not less than 5 nor more than 20 years without the benefit of probation, parole, or suspension of sentence and a fine. In imposing a 15-year sentence, a fourth less than the maximum, the trial court considered the aggravating and mitigating factors under La. C. Cr. P. art. 894.1(B). As an aggravating factor, the court found that Sloan used a dangerous weapon in committing the offense and that he possessed the weapon knowing that he was not permitted to do so.

The trial court also considered Sloan's criminal history as an aggravating factor. The court noted Sloan's 2011 conviction for second offense possession of marijuana for which his one-year hard labor sentence was suspended and he was given one year of supervised probation. A possession of a firearm with narcotics charge was dismissed. In 2015, Sloan was convicted of a Schedule IV CDS, which is the underlying felony offense in this matter. The court imposed a suspended sentence of five years at hard labor with two years of supervised probation. A charge of illegal carrying of weapons while in possession of a CDS was dismissed. Sloan's probation was then revoked in 2018 and the original five-year hard labor sentence was imposed.

6

Considering this criminal history, we agree with the trial court that Sloan "has not accepted responsibility for his actions and knew what he was doing was wrong and apparently has been behaving in this manner for years and just has utterly no respect for the law." The trial court also considered all mitigating circumstances but found none applicable.

The trial court thus concluded that the imposition of anything less than the 15-year sentence would deprecate the seriousness of this offense. We find no abuse of discretion in the trial court's imposition of the 15-year sentence.

*Designation as Crime of Violence*

Sloan avers that the trial court erred in designating his conviction for possession of a firearm by a convicted felon a crime of violence as it does not fall within the statutory definition of a crime of violence or under any of the offenses enumerated in La. R.S. 14:2(B) and the firearm was not used in the commission of a violent crime as set forth in La. R.S. 14:95.1(D).

The state concedes that the felon in possession charge does not satisfy the statutory definition of a crime of violence pursuant to La. R.S. 14:95.1(D). The state notes that Sloan was not committing a crime of violence at the time of the instant offense, and nothing in his criminal history indicates that Sloan has a prior conviction for a crime of violence. However, because the list of crimes of violence under La. R.S. 14:2(B) is illustrative, the state argues that the matter should be remanded for the sentencing court to provide a basis for its designation of the instant offense as a crime of violence so that the issue can be fully addressed.

A crime of violence is defined as:

> "[A]n offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon."

La. R.S. 14:2(B).

La. R.S. 14:2(B) enumerates offenses that, along with attempts to commit such offenses are crimes of violence. Number 57 on the list is "[p]ossession of a firearm or carrying of a concealed weapon by a person convicted of certain felonies in violation of R.S. 14:95.1(D)."

La. R.S. 14:95.1(D) states, "If a violation of this Section is committed during the commission of a crime of violence as defined in R.S. 14:2(B), and the defendant has a prior conviction of a crime of violence, then the violation of this Section shall be designated a crime of violence." Under La. R.S. 14:2(B)(57) and La. R.S. 14:95.1(D), it is mandatory that a conviction for possession of a firearm by a convicted felon be designated a crime of violence if the defendant committed the offense while committing a crime of violence and if the defendant also has a prior conviction for a crime of violence.

In this case, however, Sloan was not committing a crime of violence at the time of the offense. Moreover, nothing in the criminal history recited by the trial court at sentencing indicated that Sloan had a prior conviction for a crime of violence. Accordingly, the instant offense does not satisfy La. R.S. 14:95.1(D), such that it *shall* be designated a crime of violence.

Because the list of offenses enumerated as crimes of violence under R.S. 14:2(B) is illustrative, not exclusive, courts *may* designate an offense a crime of violence if it satisfies the general definition of that term. *State v.*

8

*Oliphant*, 12-1176 (La. 3/19/13), 113 So. 3d 165; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

According to the Louisiana Supreme Court:

> [T]he only standard provided to us by the Legislature for determining whether an unenumerated crime is a crime of violence is the general rule that the offense must (1) have as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, or (2) involve the possession or use of a dangerous weapon.

*State v. Oliphant, supra*, at p. 8, 113 So. 3d at 170.

A "dangerous weapon" is "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." La. R.S. 14:2(A)(3).

We note the record shows that the trial court sentenced Sloan, advised him of the time limitations for filing a motion to reconsider sentence, an appeal, and post-conviction relief, and remanded him to custody of the sheriff and the Department of Corrections to begin serving his sentence. After the court noted the defense's objection to the sentence, the clerk stated, "Crime of violence." Only then, the trial court stated, "And this will be recognized as a crime of violence on the record."

From this brief exchange on the record after sentencing and considering the statutory definition of "crime of violence" and the facts of the instant offense, it is difficult to discern the trial court's specific basis for designating the offense as a crime of violence. Accordingly, we remand to the trial court on this issue to address the designation of the offense as a crime of violence.

*Error Patent*

A review of the record indicates that there is an error patent in the proceedings regarding the trial court's imposition of the $2,500 fine. As noted above, La. R.S. 14:95.1(B) authorizes the imposition of a fine of not less than $1,000 nor more than $5,000 upon conviction of the crime of felon in possession of a firearm. The trial court in the present matter imposed a $2,500 fine on Sloan. However, La. C. Cr. P. art. 875.1 states, in pertinent part:

> A. The purpose of imposing financial obligations on an offender who is convicted of a criminal offense is to hold the offender accountable for his action, to compensate victims for any actual pecuniary loss or costs incurred in connection with a criminal prosecution, to defray the cost of court operations, and to provide services to offenders and victims. These financial obligations should not create a barrier to the offender's successful rehabilitation and reentry into society. *Financial obligations in excess of what an offender can reasonably pay undermine the primary purpose of the justice system which is to deter criminal behavior and encourage compliance with the law. Financial obligations that cause undue hardship on the offender should be waived, modified, or forgiven.* Creating a payment plan for the offender that is based upon the ability to pay, results in financial obligations that the offender is able to comply with and often results in more money collected. Offenders who are consistent in their payments and in good faith try to fulfill their financial obligations should be rewarded for their efforts.

> B. For purposes of this Article, "financial obligations" shall include any fine, fee, cost, restitution, or other monetary obligation authorized by this Code or by the Louisiana Revised Statutes of 1950 and imposed upon the defendant as part of a criminal sentence, incarceration, or as a condition of the defendant's release on probation or parole.

> C. (1) Notwithstanding any provision of law to the contrary, *prior to ordering the imposition or enforcement of any financial obligations as defined by this Article, the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents.* The court may consider, among other factors, whether any victim of the crime has incurred a

10

substantial financial hardship as a result of the criminal act or acts and whether the defendant is employed. The court may delay the hearing to determine substantial financial hardship for a period not to exceed ninety days, in order to permit either party to submit relevant evidence.

(2) *The defendant or the court may waive the judicial determination of a substantial financial hardship required by the provisions of this Paragraph. If the court waives the hearing on its own motion, the court shall provide reasons, entered upon the record, for its determination that the defendant is capable of paying the fines, fees, and penalties imposed without causing a substantial financial hardship.*

D. (1) If the court determines that payment in full of the aggregate amount of all financial obligations imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents, the court shall do either of the following:

(a) Waive all or any portion of the financial obligations, except as provided in Paragraph E of this Article.

(b) Order a payment plan that requires the defendant to make a monthly payment to fulfill the financial obligations.

(2)(a) The amount of each monthly payment for the payment plan ordered pursuant to the provisions of Subsubparagraph (1)(b) of this Paragraph shall be determined by the court after considering all relevant factors, including but not limited to the defendant's average gross daily income for an eight-hour work day.

(b) If the court has ordered restitution, half of the defendant's monthly payment shall be distributed toward the defendant's restitution obligation.

(c) Except as provided in Paragraph E of this Article, during any periods of unemployment, homelessness, or other circumstances in which the defendant is unable to make the monthly payment, the court or the defendant's probation and parole officer is authorized to impose a payment alternative, including but not limited to substance abuse treatment, education, job training, or community service.

(3) If, after the initial determination of the defendant's ability to fulfill his financial obligations, the defendant's circumstances and ability to pay his financial obligations change, the state, the defendant, or the defendant's attorney may file a motion with the court to reevaluate the defendant's circumstances and determine, in the same manner as the initial determination,

11

whether a modification of the monthly financial obligation imposed pursuant to this Article is appropriate under the circumstances. (Emphasis added).

The imposition of a fine within the specified range provided by La. R.S. 14:95.1 is mandatory. *State v. Ford*, 55,171 (La. App. 2 Cir. 8/9/23), 370 So. 3d 113. However, we find that Sloan was entitled to a hearing pursuant to La. C. Cr. P. art. 875.1 prior to the imposition of the $2,500 fine. There is no evidence in the record that he or the trial court waived the determination of financial hardship. Because a hearing was not held, we vacate the $2,500 fine and remand the matter to the trial court for the required hearing. We do not find Sloan's prison sentence should be vacated as it is not excessive, as noted above.

## CONCLUSION

Sloan's sentence is affirmed, in part, as to his sentence of 15 years at hard labor without benefits, and vacated, in part, as to the $2,500 fine imposed without a hearing and the classification of the offense as a crime of violence. We remand this case: (1) for a hearing pursuant to La. C. Cr. P. art. 875.1 to determine Sloan's ability to pay any assessed fine, and (2) for the trial court to articulate a justification, if any, for the offense to be classified as a crime of violence.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**